[Civil No. 3021.   Filed December 31, 1931.]

[6 Pac. (2d) 889.]

THE STATE TAX COMMISSION OF THE STATE OF ARIZONA; STATE BOARD OF EQUALIZATION OF THE STATE OF ARIZONA; E. A. HUGHES, FRANK LUKE and M. A. MURPHY, Members of Said State Tax Commission and Said State Board of Equalization; and the COUNTY OF YAVAPAI, OF THE STATE OF ARIZONA, Appellants, v. UNITED VERDE EXTENSION MINING COMPANY, a Corporation, Appellee.

For original opinion, see *ante,* p. 136, 4 Pac. (2d) 395.

Mr. K. Berry Peterson, Attorney General, Mr. Charles L. Strouss, Assistant Attorney General, Mr.

F. E. Flynn, County Attorney, and Mr. W. E. Patterson, Deputy County Attorney, for Appellants.

Messrs. Cornick & Crable, Messrs. Rice & Mathews and Messrs. Douglas, Armitage & McCann, for Appellee.

Mr. Dudley W. Windes, Deputy County Attorney, Mr. Rouland W. Hill, County Attorney, Mr. William G. Hall, County Attorney, Mr. Frank E. Thomas, County Attorney, Mr. Elbert R. Thurman, County Attorney, Mr. Charles Rogers, County Attorney, Mr. H. L. Russell, County Attorney, Mr. Charles A. Carson, Jr., City Attorney and Mr. James E. Nelson, Assistant City Attorney, *Amici Curiae*.

LOCKWOOD, J.—Ordinarily, we do not write opinions on motions for rehearing, but, because the original opinion laid down certain rules important for the guidance of the tax-assessing authorities of the state, and because of the apparent failure of counsel for appellants to understand, both what we decided, and why we decided it, we depart from our usual custom.

The precise point in the opinion with which appellants seem to take issue is that we stated that in a suit by a taxpayer to correct an assessment "the trial court is limited in determining the true value to evidence which was in existence at the time the assessment was made. This does not mean, of course, that it can only avail itself of the information actually known to or used by the assessing body, but it must be information which was in existence and relevant, and which could have been used if the assessing body had had knowledge thereof, and a desire to use it, and the result must be a reasonable inference from such existing and relevant evidence only." (See original opinion, *ante,* p. 136, 4 Pac. (2d) 395.)

It is urged in the brief on motion for rehearing that we, in the original opinion, based our judgment (a) on an issue not raised or presented in the appeal, and (b) on a rule of evidence which violates all heretofore announced principles of evidence. Were these things true, the motion for rehearing would indeed be well founded, but we think that appellants have entirely misconstrued both the record on appeal and our opinion.

Taking up the first contention, it appears affirmatively from the record that, while no witness presumed to testify that the actual value of the property in question was not at least six million dollars less than the value as fixed by the tax commission, two witnesses did fix a valuation of a little over two million dollars in excess of that finally determined by the trial court, while the other six approximated fairly close to the court's figures. Appellants did not claim for a moment, either in the trial court or in this one, that the valuation fixed by the tax commission was not grossly excessive. Their only contention was that the valuation fixed by the trial court was some two million dollars short of what it should have been, and they based this almost entirely on the testimony of the witnesses Cole and Calkins. The question was then squarely before us as to whether the trial court was required as a matter of law to accept the testimony of the witnesses last named.

We might perhaps have contented ourselves with stating that there was no obligation upon the trial court to accept the testimony of any particular witness for any reason whatever, and that, following the invariable rule of this court, if the testimony of any of the witnesses supported the conclusion reached by the trial court, we are bound thereby. It is, however, the undoubted rule of law that, when a case is tried to the court, even though incompetent evidence be ad-

mitted without objection, the trial court may disregard, and will be presumed to have disregarded, such evidence in rendering its decision, and it is therefore well within the record and the issues of the case, since appellants based practically their whole argument upon the evidence of Cole and Calkins, for us to point out that the trial court not only could, but should, under the rules of law, have disregarded such evidence. In other words, the argument of appellants is that the court could have accepted the testimony of Cole and Calkins, had it so wished, and we pointed out why it would have been error to have done so. The question is not whether certain evidence was improperly admitted over objection, but whether the court was bound to consider incompetent evidence, even though no objection was made to its admission. The statement of the question indicates the answer.

We come, then, to the more serious question as to whether or not the evidence was incompetent. Counsel for appellants all through this case apparently ignore or fail to interpret properly the language of section 3068, Revised Code of 1928, and we quote it again as follows:

"All taxable property must be assessed at its full cash value. The term 'full cash value,' when used in this chapter, shall mean the price at which property would sell if voluntarily offered for sale by the owner thereof, upon such terms as such property is usually sold, and not the price which might be realized if such property were sold at a forced sale."

Had the legislature stated merely that property should be assessed at its *actual* value, and stopped there, there might perhaps have been some basis for urging that the *actual* value was affected by facts unknown and unknowable at the time of the assessment. But the legislature not only did not use the word "actual," but, besides stating that it should be assessed

at "its full cash value," proceeded to define such cash value as being in substance the "selling price." We have been cited to no authority which holds that, in determining the "selling price" of any article at a particular time, evidence of facts which could not have been known to either the buyer or seller at that time is admissible. We have examined carefully every authority cited by counsel, and none of them, in our opinion, either directly or indirectly is in conflict with the rule laid down by us.

Apparently the case most strongly relied upon is that of *Washington Union Coal Co.* v. *Thurston County,* 105 Wash. 208, 2 A. L. R. 1546, 177 Pac. 774. This case not only falls far short of sustaining the position taken by appellant, but indirectly upholds the doctrine we have enunciated. We quote therefrom as follows:

"Mining property such as this, surrounding a proven mine, although in the prospective stage, may be given an assessed valuation as such, not as a mine, but as a prospect, *where there is reason for the assessing officers to find and believe that the property has coal values.*" (Italics ours.)

Each witness in the case at bar made an allowance for ore which was not developed or known, but which from the evidence at hand might reasonably be expected to be found, and this is undoubtedly proper. Had the witnesses Cole and Calkins stated that *from the evidence which existed at the time of assessment* they reasonably believed as mining engineers there was a larger amount of undiscovered and undeveloped ore existing in the mine than the amount estimated by the other witnesses, such expert opinion would, of course, have been admissible, and the court should, and doubtless would, have given it consideration, and there is nothing in our original opinion to the contrary. The objection to their evidence is, not that

they estimated some two hundred thousand tons of ore to be undeveloped on the 1st of January, 1929, as against seventy-five thousand tons estimated by other witnesses, but that they based their estimate upon facts which were not and could not have been known by any human being when the assessment was made. The rule laid down by us is substantially that set forth in the cases of *Humble Oil & Refining Co.* v. *State,* (Tex. Civ. App.) 3 S. W. (2d) 559, *People* v. *City of St. Louis,* 291 Ill. 600, 126 N. E. 529, and *Kirby* v. *Transcontinental Oil Co.,* (Tex. Civ. App.) 33 S. W. (2d) 472.

There is but one point on which we might perhaps make a further statement. The original assessment was necessarily made before the second Monday in July. It did not, however, become final until the action of the state board of equalization, and any new facts arising between the date of the tentative assessment made before the second Monday in July ·and its final fixing by the board of equalization would, of course, have been admissible. It is only evidence which came into existence after an assessment was finally fixed which is not admissible in a suit to correct the assessment. We did not refer to this in the original opinion, for the reason that it does not appear any new evidence was offered before the board of equalization.

The motion for rehearing is denied.

McALISTER, C. J., and ROSS, J., concur.