[Civil No. 4604.   Filed November 27, 1944.]

[153 Pac. (2d) 274.]

JOE ZALESKI and LUCY ZALESKI, Husband and Wife, Appellants, v. H. E. WOOTTON, Appellee.

Mr. Norman S. Herring, for Appellants.

Mr. John F. Ross, and Mr. John Pintek, for Appellees.

STANFORD, J.—This is an appeal from a judgment rendered by the Honorable Gordon Farley in the superior court of Cochise county.

In the month of July or August, 1936, Joe Zaleski and Rudolph Becker associated themselves together in the construction of the guest, or dude, ranch located in the Hauchuca Mountains near Bisbee, Arizona.

The two parties went to appellee, who conducted a hardware, plumbing and sheet metal business in the

City of Bisbee, and asked for a line of credit. Under the arrangements the items sold were to be used in the construction of a ranch house and buildings on the premises of Zaleski. The land used was owned by the appellant Zaleski, and the account with the appellee Wootton was to be in the name of Border Ranch. The credit extended was over a period of several months and amounted to the sum of $1700, upon. which there was paid $500.

On October 15, 1936, there was filed in the office of the county recorder of Cochise county, at Bisbee, Arizona, the county seat, a certified copy of the articles of incorporation of the Border Ranch, Incorporated.

On November 17, 1936, there was filed in the office of the county recorder of Cochise county a lease and option, the lease being from Joe Zaleski and Lucy Zaleski, his wife, to Border Ranch, Incorporated.

In 1939 appellee brought his action against Joe Zaleski, Lucy Zaleski, Rudolph Becker and Helen Becker for recovery of amount due for goods, wares and merchandise sold the partnership from October 1, 1936, up to and including January 30, 1938, for the sum of $1759.49, less $515.31 paid on account. Minor changes were made by the appellee during the submission of proof to conform to the testimony and these changes as to dates we have included herein.

In answering the complaint the appellants denied that appellee supplied any goods to this appellant Zaleski and Becker on or after November 1, 1936, it being the claim of the appellants that not only from other sources was notice given to the appellee of the dissolution of the arrangement between appellant and Becker, but that through the articles of incorporation and the lease aforesaid the appellee had notice in that respect. And in addition to the notice being filed in the county recorder's office, appellant

alleges that the articles of incorporation mentioned were published in the Bisbee Daily Review, a newspaper of general circulation published at Bisbee, Arizona.

Appellants' answer further sets forth the allegation that appellee caused Rudolph Becker and Helen Becker, his wife (whom he had married in the fall of 1936), to execute and deliver to him their promissory note dated June 14, 1939, in the sum of $1239.95 and that note was in full satisfaction of the account. That the said note would not be due until June 13, 1943.

Appellee by reply to appellants' answer filed a pleading in estoppel alleging that Zaleski had been unjustly enriched by the fact that he led Wootton into dealing with himself and Becker and after a period of a few. years ejected Becker and took over the place himself with all improvements.

The assignments of error submitted by appellant being short, we will quote them:

"1. The Court erred in granting judgment for the plaintiff and against the defendants, because the evidence as shown by the Reporter's Transcript could not justify the findings of such facts as were necessary to support such judgment.

"2. The Court erred in granting judgment for the plaintiff and against the defendants, because there is no evidence in the record which will support such judgment.

"3. The Court erred in granting judgment for the plaintiff and against the defendants, because upon the evidence as shown by the Transcript of Testimony only the facts which would justify a judgment for the defendants were substantiated by such evidence."

We adopt the words of the appellant for giving a clear expression, or gist, of the case as follows:

"Did the appellee, H. E. Wootton, have sufficient notice of the changes of business status from that of

a partnership business association in which Zaleski and Becker were involved to that of a corporation with Zaleski excluded to absolve either one of the preexisting partners from debts contracted subsequent to the dissolution date. In other words, did H. E. Wootton know of the dissolution of the partnership and the changed circumstances and, nevertheless, advance credit to Rudolph Becker and the Border Ranch, a corporation?

"Our appeal is based on another question which the Court must first answer, to-wit:

"Does the record, including the Transcript of Testimony and Exhibits indicate that there was any credible evidence propounded by the appellee here which so contradicted the corroborated evidence put on by the appellant so that this Court may fairly say there was a conflict in the evidence? . . . "

Appellants submit the cases of *State Tax Commission* v. *United Verde Extension Mining Co.*, 39 Ariz. 136, 4 Pac. (2d) 395; Id., 39 Ariz. 331, 6 Pac. (2d) 889; *Nicolai* v. *Sugarman Iron Co.*, 23 Ariz. 230, 202 Pac. 1075; *Young Mines Co.* v. *Citizens' State Bank*, 37 Ariz. 521, 296 Pac. 247.

■■ We quote the following from the *State Tax Commission* v. *United Verde Extension*, supra [39 Ariz. 136, 4 Pac. (2d) 396]:

"In passing on an assignment of this nature, we must remember that the cardinal rule of this court, adhered to without exception for many years, is that, where the evidence is in conflict, we will not substitute our opinion thereof for that of the trial court. *Morgan* v. *Krook*, 36 Ariz. 133, 283 Pac. 287; *Peters* v. *Taylor*, 31 Ariz. 169, 251 Pac. 446; *First Baptist Church* v. *Connor*, 30 Ariz. 234, 245 Pac. 932. And, if any reasonable evidence supporting such judgment appears in the record, the judgment will be sustained. *Blackford* v. *Neaves*, 23 Ariz. 501, 205 Pac. 587; *Moeur* v. *Farm Builders*, 35 Ariz. 130, 274 Pac. 1043; *Welker & Clifford* v. *Merrill*, 32 Ariz. 90, 255 Pac. 991. . . . "

Appellant contends that there was not a conflict in the evidence and no reasonable evidence to support the judgment.

The appellants refer to the case of *Hyder* v. *Barton Hat Co.,* 29 Ariz. 380, 241 Pac. 959, 960, as the case that swayed the trial court in its decision in this case. From that case we quote the following:

"It was the duty of the trial court to reconcile the conflicts in the testimony as best he could, and we have uniformly refused to disturb that tribunal's decision when it was a question of the weight of the testimony or the credibility of the witnesses.

"Hyder Bros., *inter se,* may not have been partners but as to the general public they were. We think it was the duty of defendants, under the circumstances, to produce sufficient evidence to convince the court that plaintiff had notice of the changed status of Hyder Bros. from a partnership to a corporation, and that the credit was extended to the latter, and not to the former. . . . "

It is the contention of the appellants that there is not only no substantial evidence to support the judgment of the trial court, but that the evidence in the record supports only the judgment which would benefit and be in favor of appellants.

We quote the following from the testimony of appellant, Joe Zaleski:

"Q. Do you know Wesley Allen? A. Yes, he was foreman in Mr. Wootton's hardware store.

"Q. What do you mean by 'foreman.' A. He was behind the counter all the time, at his store.

"Q. And when you came in to buy things on your own account, did you also buy things and take them back to Becker? A. I did, but when I came to my account, I told them to charge it to Joe Zaleski, and what was for Becker I told them to charge to Border Ranch.

"Q. And did you tell Wesley Allen that Becker and Miss Johnson had bought you out? A. I told them twenty times, or more."

In addition to the foregoing the appellants have shown where several checks were given to appellee in payment of the obligations after the dissolution of the partnership and the business was taken over by the corporation. The only change that was made in the name on the checks was the addition of the word "Inc." to the words "Border Ranch," but the appellee and the bookkeeper claim that they did not recognize any change by the addition of the word "Inc." for "Incorporated."

The appellants submitted testimony through Jliso Chukovich, who was working on the construction of the buildings on the Border Ranch, and he said he worked there from June 17, 1936, until January 2, 1937, and that in the month of January he heard Becker tell the appellee Wootton that he had leased the ranch from Joe Zaleski.

Mrs. Ruth Allen, the bookkeeper, testified in part as follows:

"Q. Now, didn't you hear your husband say on several occasions, or didn't you know, through your husband, or know of your own knowledge, and through the checks, that the Border Ranch was incorporated in 1936? A. No, I didn't know that."

We have read all, and in many instances reread portions of the testimony in this case and find the testimony very conflicting and we find that there is evidence to support the court's judgment. Giving the appellant the best of it, there was not sufficient evidence of the kind that would advise the appellee of the dissolution of the partnership and of the formation of the corporation to take its place. Under the terms of the lease the appellant was to remain with the Border Ranch for one year. During that time he made purchases from the appellee for the Border Ranch.

Wesley Allen, a witness for the appellee and former employee of Wootton, testified to this effect:

"Q. Do you remember of hearing Joe Zaleski say to Mr. Wootton that he was out of the enterprise out there, the Border Ranch? A. I remember hearing him saying that he was just leasing the land. I don't remember the date that was."

To our mind that evidence was so indefinite that we could not tell the effect of it.

We find that the trial court had sufficient evidence to support its judgment, and our holding conforms to not only the case first cited, but all of the cases mentioned.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.