188 P.2d 455

ANDERSON v. ARTESIA INV. CO.

No. 4888.

Supreme Court of Arizona.

Jan. 12, 1948.

Fred W. Fickett, of Tucson, and Duane Bird, of Nogales, for appellant.

James V. Robins, of Nogales, for appellee.

J. MERCER JOHNSON, Superior Judge.

This is an appeal by plaintiff, Thomas J. Anderson, from a judgment for defendant, Artesia Investment Co., a corporation, rendered by the court sitting without a jury in an action for claimed salaries and royalties due under a certain written agreement and on six assigned claims held by the plaintiff for labor and services alleged to have been performed for the defendant by certain workmen.

Plaintiff's complaint sets up seven separate causes of action, the first is upon an express contract (the written contract having been pled haec verba) and the other six causes of action are on assigned claims for services and labor performed for plain-tiff under the May 31st agreement and hereinafter considered.

The plaintiff on December 6, 1940, entered into a written agreement with the defendant, Artesia Investment Co., a corporation, called an operating agreement by which the plaintiff agreed as superintendent and general manager to mine and operate the mining property of defendant located in Santa Cruz County, at a stipulated salary plus 25% of the net proceeds. This agreement was to terminate after five years, but it could be terminated by either party upon sixty days' written notice.

Pursuant to this agreement the plaintiff moved his tools and equipment upon the mining property and started working, and that on or about the 21st day of May, 1941, the plaintiff terminated the agreement by resigning, with the result that a complete settlement was made between the parties on May 31, 1941, and all debts and expenses up to that date were settled by the parties.

On that date, the plaintiff and Stanley Beck, son of the secretary of the Artesia Investment Company, desiring to continue working said mine and shipping ore, the following agreement was made and executed by plaintiff:

"Ruby, Ariz.
"May 31 1941

"*Artisia* Investment Co.

"Los Angeles, Calif.

"Dear Sirs:

"As to your request for me to take my salary which is $250.00 per month out of

the gross profits of the mine and mill or any operation that I am *superentendant* of as my recorded contract with the *Artisia* Investment Company states, I will agree to the following.

"Beginning this date.

"That from the gross profits of any and all operations *superentended* by me for the Co., I will prorate my salary *equil* per day with Stanley Beck and Jose Lizarrage until their wages per day equals $4.00 all profits above that shall go to me *untill* my salary equals $250.00 per month, net profits above that I shall receive 25% of as the above mentioned contract calls for.

"Should any operation fail to produce sufficient funds to cover the above described labor cost or part of I shall not hold the Co. responsible for same.

"I hold the right to terminate this agreement at any time by giving the Co. 5 days notice.

"Very truly yours,
"Thos. J. Anderson."

The plaintiff's suit is based entirely upon the agreement of December 6, 1940, for salaries earned and royalties due from the defendant corporation for the period in dispute from May 31, 1941, to March 15, 1942. The defendant, Artesia Investment Company, takes the position that the letter agreement of May 31, 1941, above set forth, constituted the entire agreement between the parties; and the trial court adopted the contention of the defendant, and entered judgment in favor of the defendant corporation on all causes of action.

The plaintiff is appealing only on the six causes of action of the assigned claims for services and labor performed and not on the first cause of action insofar as it pertains to the salary claimed by plaintiff. Plaintiff in his reply brief now states that he accepts the judgment of the trial court that the letter agreement of May 31st, 1941, was a valid contract between the parties and is appealing only from the construction placed thereon by the trial court and from the failure of the trial court to make any holding upon the assigned claims which formed the basis for the second, third, fourth, fifth, sixth, and seventh causes of action.

The appeal is further based upon the fact that the trial court should have rendered judgment in favor of the plaintiff for the sum of $60 due Jesus Rodriquez for wages due from August 4 to August 20, 1941; and for Hazel Anderson for the sum of $28 for wages for the period that services were performed during the month of August, 1941, on the theory that under any construction placed upon the agreement of May 31, 1941, these sums were due as such agreement was not terminated until October, 1941, and that by the undisputed terms of said agreement, this labor was performed for the defendant, Artesia Investment Company.

338

The first eight assignments of error go to the admission of evidence. We have repeatedly held that if there is sufficient legal and competent evidence in the record to sustain the findings and judgment, when the case is heard before the court, without a jury, it will not be reversed on account of the erroneous admission of evidence unless it affirmatively appears that the erroneous evidence affected the judgment of the court; for we must assume that the court considered only the competent evidence. Murphy v. Yeast, 59 Ariz. 281, 126 P.2d 313; Collison v. International Insurance Company, 58 Ariz. 156, 118 P. 2d 445; Anderson v. Alabam Freight Lines, 64 Ariz. 313, 169 P.2d 865. There is ample evidence to·sustain the judgment of the trial court, without consideration of any evidence which might have been erroneously admitted, for it clearly appears from the trial court's finding that such objectionable evidence was not considered.

There are a number of assignments of error by plaintiff but we think that substantially they raise but one question for our decision, and that is whether there is sufficient evidence to support the judgment rendered by the trial court. In considering questions of this nature we have repeatedly laid down the following rules, that where the evidence is in conflict, we will not substitute our opinion thereof for that of the trial court, Morgan v. Krook, 36 Ariz. 133, 283 P. 287; Peters v. Taylor, 31 Ariz. 169, 251 P. 446; Blackford v. Neaves, 23 Ariz. 501, 205 P. 587; that evidence will be taken in the strongest manner in favor of the appellee and in support of the court's findings, DeMund Lumber Co. v. Franke, 40 Ariz. 461, 14 P.2d 256; and that a judgment will not be disturbed when there is any reasonable evidence to support it, Wright v. Young, 20 Ariz. 46, 176 P. 583; Welker & Clifford v. Merrill, 32 Ariz. 90, 255 P. 991; Zaleski v. Wootton, 62 Ariz. 75, 153 P.2d 274.

The trial court by its judgment found that the parties were operating under the letter agreement of May 31, 1941, which was in substance a shipping agreement whereby the plaintiff was to assume full responsibility for the operation of the mine, and was to look to the ore which was produced for his compensation, as well as the compensation of the men employed in the operation of the mine, and that in no event could the defendant, Artesia Investment Company, be held for any of the expenses incurred should the ore produced fail to be sufficient to meet such expenses. We have carefully considered the testimony and documentary evidence offered in this matter and are of the opinion that there is ample and substantial evidence to support the conclusion reached by the trial court and as stated above this court will not substitute its opinion on controverted questions of fact for that of the trial court, when substantial evidence supports the judgment of the latter.

Since it appears upon the whole case that no reversible error was committed, the judgment is affirmed.

LA PRADE and UDALL, JJ., concur.

STANFORD, C. J., being ill, the Honorable J. MERCER JOHNSON, Judge of the Superior Court of Pima County, was called to sit in his stead.