**226 P.2d 555**

**STATE TAX COMMISSION et al. v. EAGLE–PICHER MINING & SMELTING CO.**

**No. 5200.**

Supreme Court of Arizona.

Jan. 19, 1951.

Fred O. Wilson, Atty. Gen., Perry M. Ling, Asst. Atty. Gen., for appellants.

Ben C. Hill, of Tucson, and Norman S. Hull, of Phoenix, for appellee.

STANFORD, Justice.

Appellee, The Eagle-Picher Mining and Smelting Co., owner of mining property in Pima County, Arizona, excepted to the evaluation of its property, as made by the Arizona State Tax Commission, for taxation purposes for the year 1946. Protest, filed with the Commission, was heard on August 5, 1946, by it, sitting as the State Board of Equalization.

The Board, on August 10th of that year, denied appellee's protest and request for reduction of the valuation fixed, and placed the value of appellee's property, including the mine, plant, railroad and other physical assets, at $493,500.00.

The appellee, under protest, paid the tax as fixed, and appealed from the assessment fixed by the Board, to the Superior Court of Pima County.

The following facts, taken from the appellants' brief, were uncontradicted by the appellee:

"Both appellee and appellants submitted testimony of mining engineers as to the actual cash value of the mine based upon the formula approved in the United Verde Extension and Magma Copper Co. cases. From the evidence and briefs submitted by the respective parties, the court found the value of the mine and salvage value of the plant to total the sum of $216,265.00. In the opinion and order of the court an allowance of the sum of $74,271.00 for development work below the 340-foot level is made, whereas the total net value of the ore recovered below the 340-foot level as the result of this expenditure is fixed at only $10,000.00. * * * The lower court also found that the net profit on the ore mined and treated was $8.26 per ton.

"The mine, at the time the valuation for the year 1946 was made, was developed to the 340-foot level, and had been operated by the Eagle-Picher Mining Co. since 1943. No mining other than diamond drilling had been done below the 340-foot level, although the diamond drilling cut ore in a number of places at various depths below that level.

"A total of 43,000 tons of ore had been developed but not yet mined at the time the valuation was made."

The above stated facts show that $74,271.00 were to be spent in developing ore below the 340-foot level.

Judgment of the trial court was rendered for appellee, and this appeal followed. It is directed only at the action of the trial court in allowing a deduction of $74,271.00 for development of ore which would bring an estimated profit of only $10,000.00.

Appellants submitted as their only assignment of error, the following: "The trial court erred in concluding that appellee's deduction of $74,271.00 from the value of known ore, and the use of such sum for development of new ore to which new ore a value of only $10,000.00 was given was justified by the testimony and in entering judgment for appellee and against appellants based upon such conclusion."

Appellants also submitted the following proposition of law: "In fixing the value of a producing mine for tax valuation purposes, where an allowance is made for a deduction from the value of the existing ore of the mine for development of future ore, there must also be an allowance of a value for such future ore at least equal to the cost of such development work."

Appellee's entire argument is based on the comment made in reply to the above assignment, as follows: "Both the Assignment of Error and the Proposition of Law are contrary to the record and misleading because the undisputed testimony is that the $10,000.00 net value allowed by Colvocoresses (engineer for appellee) for the undeveloped ore below the 340-foot level was an extra value or net profit *after deducting all factors of cost.*" (Emphasis supplied.) This shows that the appellee

292

mining company, in determining the net value of the ore to be developed, deducted the cost of development. This procedure was accepted by the trial court.

This court has, in State Tax Commission v. United Verde Extension Mining Co., 39 Ariz. 331, 6 P.2d 889, and also in State Tax Commission v. Magma Copper Co., 41 Ariz. 97, 15 P.2d 961, 963, recognized the right of a mining company to deduct from its assessed valuation of the known ore, a reasonable amount to be used for development of future ore. It is stated, however, that when this is done, there must be added to the valuation of the mine, a reasonable estimate of the value of the ore to be recovered as a result of the development proposed. From the Magma Copper Co. case, supra, we quote:

"If it were not reasonable to believe that further ore, worth more than the cost of producing it, would be found by further explorations, it would be absurd for the owner of the mine to spend money in seeking for something he knew was not in existence or had no reasonable ground for believing existed, and charge such cost against the value of what he knew existed. If * * * reasonable men would agree that future exploration would probably develop future ore *of greater net value than the cost of development,* it would be proper mining practice to spend a greater or less further sum in such exploration, and it could properly be charged against the value of the mine, but in such case the mine must be given credit for an extra value based on the reasonable prospects of finding further ore." (Emphasis supplied.)

According to the language used in the Magma Copper Co. case, supra, a mining company is *only* justified in deducting money, to be spent for development purposes, from the assessed valuation of the mine, where it is shown that the ore to be developed is of a greater value than the amount spent for the development of that ore, and this ore value then added to the valuation of the mine.

In this case, it appears that the trial court found that the net value of the ore to be developed from the expenditure was $10,000.00, whereas in any event, if a deduction is allowed, as was the case here, the value of the ore to be developed must arbitrarily be fixed at a sum not less than the allowed deduction, to wit: $74,271.00, and this figure added to the value of the mine. Of course, if the value of the ore to be developed, exceeded the allowed deduction then such value would be added to the value of the mine.

Accordingly we reverse the judgment and remand the case to the trial court for the purpose of entering judgment to conform with the opinion herein.

Reversed and remanded.

UDALL, C. J., and PHELPS, LA PRADE and DE CONCINI, JJ., concur.