317 P.2d 941

Charles H. STURGES, Appellant,

v.

Clifford N. TONGELAND and Evelyn C. Crow, Executors of the Last Will and Testament of Marion Tongeland, Deceased, Appellees.

No. 6404.

Supreme Court of Arizona.

Nov. 12, 1957.

Westover, Mansfield, Westover & Copple, Yuma, by Edith Lazovich, Yuma, for appellant.

A. J. Eddy, Yuma, for appellees.

UDALL, Chief Justice.

This is a quiet title action tried to the court sitting without a jury. Charles H. Sturges, defendant-appellant, has appealed from the judgment quieting title of Marion

Tongeland Estate (plaintiffs-appellees), to the following-described parcel of land, viz.:

"West 120 feet of Lot 10 Block 4 of the Speese Addition to the City of Yuma, Yuma County, Arizona";

and from the order denying his motion for a new trial. The sufficiency of the evidence to sustain the judgment is the sole question raised by the appeal.

Marion Tongeland, learning that defendant claimed an interest in a part of said property, brought this quiet title action alleging she was the owner in fee of the above-described premises and further asserting defendant had refused to execute a quitclaim deed thereto which had been submitted to him pursuant to statute. She thereafter died and her executors were substituted as parties plaintiff. We shall hereinafter refer to the parties as they appeared in the lower court.

Defendant by his answer admitted plaintiff was the owner in fee of the "west 110 feet" of said lot, but alleged that by reason of his adverse possession for a period of more than ten years he was now the owner of the "east 10 feet" of the tract described in the complaint. The dispute between the parties therefore affects only this ten-foot strip.

The record indubitably shows that originally plaintiffs Tongeland owned all of lot 10, supra, the lot having an east-west frontage on Eighth Street of 160 feet, with a depth of 112 feet (north and south); in addition to this plaintiff subsequently acquired a quitclaim deed from the Yuma County Board of Supervisors for a ten-foot strip abutting the east line of lot 10, after the 40-foot alley prescribed in the dedication plat was legally reduced to 20 feet. Thereafter Tongeland sold to Sturges the east 40 feet of lot 10, plus the ten-foot alley strip. The deed given defendant separately described the two tracts, the alley strip being set forth by metes and bounds. Subsequently the east 40 feet, plus the ten-foot alley strip, were separately described by defendant in a conveyance to and a reconveyance back from one Merle Thomas. However, defendant used an erroneous description, viz.: "east 50 feet of lot 10 block 4" in several mortgages given on his holdings. This error, plus defendant's assertion of adverse possession for a period of more than ten years, forms the basis for his claim that plaintiff was not entitled to judgment quieting his title to the entire area described in the complaint.

Assignments of error actually raise but the one question: does the evidence sufficiently support the judgment? In the case of Anderson v. Artesia Inv. Co., 66 Ariz. 335, at page 338, 188 P.2d 455, at page 457, Judge Johnson, in speaking for the court, set forth the governing principles. We quote:

150

"* * * In considering questions of this nature we have repeatedly laid down the following rules, that where the evidence is in conflict, we will not substitute our opinion thereof for that of the trial court (citing cases); that evidence will be taken in the strongest manner in favor of the appellee and in support of the court's findings (citing case); and that a judgment will not be disturbed when there is any reasonable evidence to support it (citing cases)."

Applying these rules to the problem presented in the instant case, after having carefully read the transcript of evidence and examined the exhibits, we have no hesitancy in holding that the judgment entered herein is amply supported by the record. The most that can be said for defendant is that the evidence as to adverse use is conflicting.

Inasmuch as it does not appear that any useful purpose, as a precedent or otherwise, would be served by stating the evidence, both pro and con, we shall omit such a recitation. The law governing the matter of an adverse user and what he must prove in order to prevail is fully stated in Lewis v. Farrah, 65 Ariz. 320, 180 P.2d 578.

Judgment affirmed.

PHELPS, WINDES, STRUCKMEYER, and JOHNSON, JJ., concurring.