330 P.2d 729

AIRCRAFT INSTRUMENT CORPORA-
TION, Petitioner,

v.

Richard Lee CRAFT, Respondent.

No. 6620.

Supreme Court of Arizona.

Oct. 29, 1958.

Robert E. Yount, Phoenix, and Fenton J. McDonough, Phoenix, for petitioner.

Robert R. Weaver, Phoenix, for respondent.

PHELPS, Justice.

This case comes to us on certiorari. Petitioner, Aircraft Instrument Corporation, seeks to set aside an award made to Richard Lee Craft under the Workmen's Compensation Act, A.R.S. § 23–901 et seq.

The petitioner, Aircraft Instrument Corporation, a Florida corporation, had purchased a number of airplanes stored at Litchfield Park, Arizona. The airplanes were to be depreserved and made ready for flight from Litchfield Park to Miami, Florida. Some of the airplanes were without engines therefore petitioner would "cannibalize" two in order to make one complete airplane.

Petitioner had an agent, Stuart Sutor, in Arizona, who made arrangements for the depreservation of these airplanes and preparing them for flight. Mr. Sutor was also the pilot who flew the airplanes from Arizona to Florida and had the authority to have the necessary work done to prepare the airplanes for flight.

Sutor on behalf of the company made a written agreement with Louis Mihelic and Elbert E. French in which a flat rate per plane for depreserving the airplanes was decided on. This agreement specifi-

cally excluded engine changes from one airplane to another. However, in a separate oral agreement Mihelic, French, W. T. Bailey and Richard Lee Craft and Sutor, acting on behalf of petitioner, agreed that respondent should be paid on an hourly basis for changing engines from one airplane to another for the reason, according to the evidence, that they never knew what might go wrong.

It was while Craft was engaged in changing an engine that he was injured. On October 17, 1956 he was ascending the stair ladder in an amphibious airplane, type PBY–6A when the airplane began to tilt backwards. In order to avoid both injury to himself and damage to the airplane, Craft jumped. The distance was approximately 4 feet above the ground but in the act of jumping he lost his balance and landed on his left arm sustaining an injury.

Craft then filed a report of injury with the Industrial Commission alleging injury on October 17, 1956, by accident arising out of and in the course of his employment with the petitioner. After a preliminary examination the Commission on July 8, 1957 rendered its findings and award for temporary disability, finding in effect that the applicant, Craft, sustained an injury by accident arising out of and in the course of his employment with the petitioner and that Craft's average monthly wage prior to injury was $616. The Commission found Craft was entitled to compensation for temporary disability from and after the date of injury, and that the employer is liable for accident benefits and compensation as provided by law.

A timely protest was made by petitioner and a petition and application for rehearing was filed alleging that Craft was never an employee of the petitioner; that the applicant Craft was an employee of one French and Mihelic, independent contractors for the petitioner. A rehearing was had on September 20, 1957 and December 17, 1957. On January 23, 1958 the Commission in its decision upon the rehearing affirmed the findings and award for temporary disability entered on July 8, 1957.

Petitioner claims that the Industrial Commission erred in failing to observe and evaluate the many indicia or signposts that indicate conclusively a relationship of independent contractor.

The petitioner contends that Craft was not an employee but an independent contractor or an employee of an independent contractor because petitioner did not retain supervision or control over the method of reaching a certain result but only had control as to the result reached. In pointing out signposts which support this proposition petitioner calls our attention to the following indicia which it claims was brought out by the testimony: (a) there was a billing and (b) an agreement; (c) there was an end product making the airplane ready for flight by Sutor; (d) the

only supervision was in checking the progress of the four men and requesting changes; (e) these four men were paid by petitioner in a single check made out to Mr. Mihelic; (f) no payroll deductions were made by the company as would have been done had these men been employees; (g) there was a completion date on the airplanes; (h) there were independent contractors doing this work before these men started; (i) there was an independent contractor doing this work after these men terminated their contractual relationship with petitioner.

Respondent Craft on the other hand, urges with equal vigor that he was under the supervision and control of petitioner in reaching the result of putting the airplanes in a flightworthy condition, and directs our attention to testimony and evidence which he argues, in effect, shows that:

(1) The employer did actually control the manner in which the work was to be done;

(2) The employer had the right to and did discharge its employees without notice;

(3) The workmen were paid by the hour and not by the piece or job while working on engine changes;

(4) There were no specifications or designation of the work to be done;

(5) There was no definite end or limit to the work to be done.

Respondent contends for these reasons he is an employee as found by the Industrial Commission, and not an independent contractor.

We have repeatedly held that the findings of the Commission are to be given the same considerations as those of a jury or trial court, and that where there is reasonable evidence to support the award or the facts are such that reasonable men might draw either of two inferences therefrom, the findings of the Commission must be sustained. Blasdell v. Industrial Commission, 65 Ariz. 373, 181 P.2d 620; Grabe v. Industrial Commission, 38 Ariz. 322, 299 P. 1031.

It is also a well-established rule of this court that under such circumstances evidence will be considered in the light most favorable to sustaining the judgment of the lower court. Sturges v. Tongeland, 83 Ariz. 148, 317 P.2d 941.

The evidence is in conflict on the question of whether Craft was an independent contractor or an employee of petitioner. It appears to us that the Commission could have drawn either of two inferences from the testimony given depending upon which testimony it believed. Therefore, we are not willing to set aside the award as there is substantial evidence to support the finding by the Commission that Craft was an employee of petitioner and not an independent contractor.

For the above reasons, the award of the Industrial Commission is affirmed.

UDALL, C. J., and WINDES, STRUCK-MEYER and JOHNSON, JJ., concur.