363 P.2d 599

Kenneth J. PATZMAN and Kathryn N. Patzman, husband and wife, Appellants,

v.

Paul K. MARSHALL, Appellee.

No. 6822.

Supreme Court of Arizona.

In Division.

July 14, 1961.

Mesch, Jasper, Marquez & Rothschild, Richard C. Harris, Tucson, for appellants.

Darrow, D'Antonio, Hayes & Morales, Tucson, for appellee.

JACK L. OGG, Superior Court Judge.

The plaintiff, Paul K. Marshall, contracted to purchase stock in the Bill Edel Motor Company, Inc., Tucson, Arizona, from defendant, Kenneth J. Patzman, and paid in the sum of $8,022.68 to Patzman as earnest money. Marshall then rescinded the contract and sued to recover his earnest money; Patzman filed a counter-claim for damages alleging Marshall had breached the contract to purchase the stock. The lower court awarded judgment to Patzman and gave him the $8,022.68 earnest money as his liquidated damages. The plaintiff, Marshall, appealed, and this Court, in the case of Marshall v. Patzman, 81 Ariz. 367, 306 P.2d 287, reversed the case holding that the liquidated damages were, in fact, an unreasonable penalty and remanded it back to the trial court with instructions to determine what damages, if any, resulted from plaintiff's breach of the contract.

On remand, the parties stipulated to a minimum of $1,200 damages, and, after a trial, the court found the defendant had suffered no more. The court awarded the defendant the $1,200 damages on his counter-claim and ordered that plaintiff recover his earnest money less the defendant's $1,200 damages.

Defendant, Patzman, now brings this appeal on two assignments of error:

1. That the uncontradicted credible evidence shows that the defendant, Patzman, suffered damages from the breach of contract in an amount of at least $4,209.47.

2. That the lower court on the remand of the case had no basis to award plaintiff any affirmative relief since the trial court was ordered only to assess defendant's damages, if any, suffered on his counter-claim.

 Defendant Patzman's second assignment of error as set out above at best is very technical. In any event the court had the right and duty to dispose of the case completely, which it did.

The serious question raised in this appeal is in the first assignment of error. Did the trial court err by failing to give adequate damages based upon the evidence presented at the trial? Defendant, Patzman, claims the evidence shows a minimum of $4,209.47 damages on his counter-claim, while plaintiff, Marshall, contends the evidence, although conflicting, supports the judgment.

In the ruling on this assignment of error we have a clear line of cases in Arizona that establish the following rules of law: (1). Where the evidence is in conflict, the Supreme Court will not substitute its opinion for that of the trial court. (2). Evidence will be taken in the strongest manner in favor of support of the judgment of the trial court. (3). A judgment will not be disturbed when there is any reasonable evidence to support it. Anderson v. Artesia Investment Co., 66 Ariz. 335, 188 P.2d 455; Sturges v. Tongeland, 83 Ariz. 148, 317 P.2d 941, 942; Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942; Daru v. Martin, 89 Ariz. ——, 363 P.2d. 61.

No useful purpose would be served, as a legal precedent or otherwise, from a full statement of the disputed evidence.

Bearing in mind that Patzman had the burden of proof and further realizing that the establishment of damages in such a case is not an exact science, we feel, under the principles of law as set out above, that the lower court's decision is supported by the record. Judgment affirmed.

JENNINGS and LOCKWOOD, JJ., concur.