456 P.2d 398

**HOWARD P. FOLEY COMPANY, a corporation, and Jelco Inc., dba Foley-Jelco, a joint enterprise, Appellants,**

**v.**

**E. W. HARRIS, Appellee.**

**No. I CA–CIV 660.**

Court of Appeals of Arizona.

June 30, 1969.

As Amended on Denial of Rehearing

July 31, 1969.

Review Denied Oct. 7, 1969.

 

Glen D. Webster, and Lewis Roca Beauchamp & Linton, Phoenix, for appellants.

Hughes, Hughes & Conlan, by John C. Hughes, Phoenix, for appellee.

DONOFRIO, Chief Judge.

This is an appeal by defendants from a judgment in the sum of $30,000 entered against them, and from a denial of their motion for a new trial.

In May 1962 appellee Harris was working for defendants Foley-Jelco who were engaged in the construction of a transmission line from the Four Corners area to Phoenix. He was injured when a crane collapsed and fell against a tower on which he and other employees were working, throwing them some seventy-five feet to the ground.

Plaintiff was treated by Dr. Stanford F. Hartman who described his injuries as a contusion of the hand and both shoulders, a healed laceration of the forehead and a strain of the upper and lower back. There was also evidence in the X rays that there was some narrowing posteriorly of the lumbar vertebrae with some encroachment of bone in this region where the nerve exits from the spinal canal; that the encroachment would cause some pressure on the nerve roots and that the plaintiff had lost some range of motion in the legs, also that his grip was weak in the right hand. In September 1962 Dr. Hartman discharged the patient as having no disability and did not see him again until April 1965 when he was asked to examine him for the purpose of testifying at the trial. During the examination the plaintiff related to Dr. Hartman a history of pain and other symptoms which occurred from October 1962 up until the time of trial. At the trial Dr. Hartman spoke of plaintiff's history and concluded that an arthritic spur which he had discovered was, to a reasonable medical probability, caused by the fall.

At the time of the accident the defendant employers had in effect a workmen's compensation policy issued by The Industrial Commission of Arizona. In the

action two jurisdictional issues arose. The first, containing two parts, was (1) whether at the time of the accident the employers kept posted in a conspicuous place upon its premises and available for inspection by its workmen the Workmen's Compensation Notice as required under the statute, A.R.S. § 23–906, and (2) whether the employers in accordance with said statute kept available at the place of employment blank forms of notice to be signed by the employee for rejecting workmen's compensation benefits. This we shall call the first jurisdictional trial. The second jurisdictional issue was whether plaintiff had made a binding election to accept workmen's compensation benefits when he signed a statement appearing on the Workmen's Report of Injury and Application for Benefits to The Industrial Commission of Arizona.

The first jurisdictional trial was conducted before a jury wherein the jury, upon interrogatories submitted to them on these two questions, found the employers had failed to comply with the statutory requirements of posting notices and having rejection slips available for employees as required by the statutes (§ 23–906). After the trial on the first issue the trial court adopted the answers to the interrogatories propounded to the jury as its own in findings of fact and conclusions of law.

The second jurisdictional trial was tried to the court. On this issue the court found that there was no binding election made by the plaintiff to accept the Act and that he rejected the benefits of the Workmen's Compensation Act. The trial on the merits as to damages was to the jury. It returned a verdict of $44,000 in favor of the plaintiff. A motion for new trial was denied conditioned upon the plaintiff's accepting a remittitur of $14,000. The plaintiff thereafter accepted the reduction.

It is to be noted that because of the remittitur provision and a ruling on the motion for new trial this cause earlier became the subject of an appeal and cross-appeal. The matters therein became the subject of two opinions by this Court. See Harris v.

Foley-Jelco, 2 Ariz.App. 389, 409 P.2d 309 (1965) and 4 Ariz.App. 294, 419 P.2d 735 (1966).

### FIRST JURISDICTIONAL ISSUE

After the accident and during the course of medical treatment plaintiff on June 5, 1962 filled out and left at the doctor's office the usual forms and application for workmen's compensation benefits.

Plaintiff's attorney testified that on June 7, 1962 he talked to a member of the Industrial Commission legal staff, informing him that the plaintiff was electing to sue his employer. The Industrial Commission received the medical report and application forms on June 8, 1962, exercised jurisdiction over the claim, approved payment and issued a compensation check on June 13, 1965. Plaintiff returned the check without cashing it.

Under A.R.S. § 23–906 the Legislature has provided a method whereby an employer may become immune from a suit by an employee unless the employee rejects compensation under the Workmen's Compensation statute. The statute requires the employer to keep notices posted informing employees of the coverage, and rejection slips available whereby the employee may reject the coverage. If these requirements are met and the employee fails to reject, then he is deemed to have accepted coverage and may not elect to sue his employer after injury. On the other hand, if the requirements are not met, the employee may elect to sue his employer after injury. At this stage the remedies are again mutually exclusive. Once the employee elects to proceed under either remedy, he is excluded from the remaining one. The questions of statutory compliance by the employer as to posting notices and providing rejection slips, as well as the question of whether there has been an election to sue, underlie the jurisdiction of the court. Taylor v. Hubbell, 188 F.2d 106 (9 Cir. 1951); Morgan v. Hays, 102 Ariz. 150, 426 P.2d 647 (1967), cert. den. 389 U.S. 859, 88 S. Ct. 105, 19 L.Ed.2d 125. Where it is found that the Industrial Commission proceedings

are the exclusive remedy of an injured workman, the Arizona courts have no jurisdiction to hear an action for damages. Taylor v. Hubbell, supra.

In the present case the trial court determined the issue of its jurisdiction in two steps. First it submitted special interrogatories to a special jury as to the factual determination of whether or not notices were posted and rejection slips made available in compliance with A.R.S. § 23–906. After instructions on the law were given, the jury returned its verdict that neither requirement was satisfied. Second, at a hearing before the court, the judge made other findings relevant to jurisdiction. A formal written order was then entered, stating that the court found in accordance with the jury findings that there had been no compliance with the statutory requirements of posting notices and providing rejection slips. The court also found that there had been in fact no application filed since notice was given to the Industrial Commission of plaintiff's election to sue his employers prior to their receiving his application for benefits, and that there had been a valid election to sue.

The appellants argue that by submitting the questions to the jury the court was permitting the jury to decide a jurisdictional issue and was therefore in error. They rely primarily on Morgan v. Hays, supra.

 Objection was not made to the trial court's procedure until this appeal was taken. There are, however, some instances wherein the issue of jurisdiction over the subject matter may be raised for the first time on appeal. Mosher v. Bellas, 33 Ariz. 147, 264 P. 468 (1928); Tipton v. Industrial Commission, 2 Ariz.App. 339, 409 P.2d 55 (1965). We do not believe that the instant case violates the principles of the Morgan case. There, the Supreme Court held that the question of election should be decided by the Court and there was no right to trial by jury. Here the issue of election was determined by the trial court

which made findings of fact and conclusions of law in the matter. We need not determine whether the Morgan case would cover situations other than the question of election, for even if it did, it would not be controlling. Morgan was concerned only with the *right* to a jury determination. It did not deal with the reverse issue of whether it would be error to submit the issue to a jury with the court using their verdict merely in an advisory way. The main reasons underlying the Morgan decision were that it would save delay and avoid the possibility of a directed verdict. Neither of these reasons compels a finding of error here since the jury had already been used. As mentioned, in the present case the jury findings were no more than advisory. The Court later, on its own, found in accordance with the jury on the factual issue and thereafter reached its own conclusion that it had jurisdiction.

Another reason compels a conclusion that it was not error to submit the questions to the jury. In Jeune v. Del E. Webb Construction Co., 76 Ariz. 418, 265 P.2d 1076 (1954) the Arizona Supreme Court upheld a directed verdict for the employer where the only evidence available to show that notices were not posted was negative testimony by the employee's witnesses that they had not seen any notices posted. The court indicated that had there been sufficient evidence it would have been proper to submit the issue to the jury. Thus, we find no error in the procedure followed by the trial court in the instant case.

## SECOND JURISDICTIONAL ISSUE

The appellants further assert error in the court's finding that plaintiff's act in signing the form which contained the usual application for benefits, and leaving it at the doctor's office to be sent to the Industrial Commission did not amount to an election to receive workmen's compensation where the Industrial Commission received notice of an election to sue prior to receiving the form.

A.R.S. § 23–1024, in effect at the time, was worded as follows:

"A. An employee, or his legal representative in event death results, who makes application for an award, or with the consent of the commission accepts compensation from an employer, waives the right to exercise any option to institute proceedings in court.

"B. An employee, or his legal representative in event death results, who exercises any option to institute proceedings in court waives any right to an award or direct payment of compensation from his employer."

▇ It was held in Ream v. Wendt, 2 Ariz.App. 497, 410 P.2d 119 (1966) that this section does apply to the option provided by A.R.S. § 23–906, subsec. E. The case also said that the making of an application for an award and the acceptance of compensation are the two acts selected by the Legislature in A.R.S. § 23–1024 as being those constituting the waiver to sue the employer, and that either one is sufficient under the statute. Appellants contend that the Ream decision is controlling in this case. It should be noted, however, that in Ream there was an actual application for compensation, a findings and award of compensation, and the acceptance of payments by the employee. In the present case, the acts alleged by the appellants to constitute an election to receive compensation fall far short of those existing in the Ream case. The acts are closer to the facts of Heeter v. Moore Drug Co., 104 Ariz. 41, 448 P.2d 391 (1968) where it was held that the mere act of filing an application for compensation after the one-year limitation was up was a futile gesture and did not constitute an election. We hold that the mere act of signing a printed form, as was done in this case, does not amount to an election under A.R.S. § 23–1024, subsec. A. Thus, when the Industrial Commission received from the employee's counsel on June 7 the notice that the employee was electing to sue, the Industrial Commission lost jurisdiction under A.R.S. § 23–1024, subsec. B to proceed with the claim.

▇ Appellants submit that the evidence did not support the court's finding of a verbal communication of election to the Industrial Commission by the employee's attorney. We have reviewed the record and cannot agree. On appeal the evidence must be taken in the strongest manner in favor of the appellee and in support of the court's findings. Anderson v. Artesia Inv. Co., 66 Ariz. 335, 188 P.2d 455 (1948); Sturges v. Tongeland, 83 Ariz. 148, 317 P.2d 941 (1957). The testimony of appellee's attorney is sufficient to sustain the findings.

## DAMAGES

▇▇ Appellants contend that the verdict is not justified by the evidence and is contrary to law as a result of passion or prejudice. The initial responsibility for reducing excessive verdicts is with the trial court. Newman v. Piazza, 6 Ariz.App. 396, 433 P.2d 47 (1967). By ordering a reduction of damages instead of setting aside the verdict the trial judge determined that the verdict was not the result of passion or prejudice. Young Candy & Tobacco Co. v. Montoya, 91 Ariz. 363, 372 P.2d 703 (1962); Alires v. Southern Pacific Co., 100 Ariz. 6, 409 P.2d 714 (1966). The trial court had the advantage of observing the evidence as it was presented, and ordered a remittitur of $14,000.

▇ As an appellate court we will not disturb the trial court's ruling upon appeal unless it can be said that the verdict was so excessive as to be without support in the evidence, or was the result of some extrinsic consideration such as bias, passion or prejudice on the part of the jury. Carr v. Florian, 43 Ariz. 149, 29 P.2d 728 (1934). We have considered the evidence and cannot find where the original verdict nor the judgment after the verdict was such that it shocks the conscience of the Court, and therefore will not tamper with the determination of the jury and trial judge. Stallcup v. Rathbun, 76 Ariz. 63,

258 P.2d 821 (1953); Newman v. Piazza, supra.

## MEDICAL TESTIMONY

 As noted earlier, Dr. Hartman was the plaintiff's treating physician for several months immediately after his injury. Approximately two and one-half years later he was requested to examine plaintiff for purposes of testifying at the trial. During this examination plaintiff related to the doctor a history of pain and other symptoms which had occurred since Dr. Hartman had last examined him. Appellants assert it was error to permit the doctor to testify to this history of pain and discomfort on the grounds that where a physician has examined a patient solely to qualify himself for testimony he may not relate the history given him. We do not take issue with appellants' proposition of law, but disagree with its application in this case. Dr. Hartman was the treating physician originally. He does not lose that status merely because he failed to treat the patient continuously until the time of trial. When he examined the plaintiff prior to trial he was updating his opinion for purposes of the trial, but did not lose his original status. The case is analogous to Quirk v. Schramm, 333 Ill.App. 293, 77 N.E.2d 417 (1948) and Brennan v. Leshyn, 51 Ill.App.2d 132, 201 N.E.2d 167 (1964) where the physician had been the original treating physician and where there was a lapse of a year and seven months, and eleven years respectively, before the physician reexamined prior to trial solely for the purpose of testifying. In each of these cases it was held not to constitute a change in status. In both cases the patient at the last examination related a subjective history of pain, and the doctor was permitted to relate the history to the jury as a reason behind his medical opinion. As a treating physician, Dr. Hartman was properly permitted to testify regarding the plaintiff's history of past pain and other symptoms since the evidence was admitted not to prove the truth of the words asserted, but to explain the basis upon which the doctor's medical opinion lay, thus avoiding the hearsay objection. Wise v. Monteros, 93 Ariz. 124, 379 P.2d 116 (1963).

## INSTRUCTIONS

 For their final argument the appellants urge reversal on the ground that it was prejudicial error for the trial judge to give instructions on employers' liability when the employers had admitted liability before the case went to the jury. In support of their argument appellants rely primarily on Eldredge v. Miller, 78 Ariz. 140, 277 P.2d 239 (1954) and Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325 (1947). In both those cases the theory upon which the instructions were held erroneous was that instructions should not be given upon issues which are given no support by the facts. We fail to see how the instructions could be prejudicial under the theory of the cases cited when there is no question as to the facts.

Affirmed.

STEVENS and CAMERON, JJ., concur.