459 P.2d 520

Agnes KOSAK, Appellant,

v.

James A. MABB and Rachel T. Mabb, his wife, Appellees.

No. I CA–CIV 946.

Court of Appeals of Arizona, Division 1.

Department B.

Sept. 29, 1969.

Robert E. Kersting, Phoenix, for appellant.

Kaplan, Wilks & Abrams by Richard B. Wilks, Phoenix, for appellees.

EUBANK, Presiding Judge.

Agnes Kosak, appellant, hereinafter referred to as the defendant or Mrs. Kosak, appeals from the judgment of the Maricopa County Superior Court, sitting without a jury, in favor of the appellees, James A. Mabb and Rachel T. Mabb, his wife, hereinafter referred to as the plaintiffs or Mabb, in a suit arising out of a contract for the sale of real property and the breach thereof. Findings of fact and conclusions of law were made by the trial court, and the questions raised on this appeal deal with the sufficiency of the evidence to support these findings.

Rule 52(a), Rules of Civil Procedure, 16 A.R.S., provides that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." Thus, in considering the record before the trial court, the evidence must be taken in the strongest manner in support of the court's findings,

and the findings will not be disturbed where there is any reasonable evidence to support them. Patzmar v. Marshall, 90 Ariz. 1, 363 P.2d 599 (1961); Bohmfalk v. Vaughan, 89 Ariz. 33, 357 P.2d 617 (1960). With these principles in mind, a review of the record before the trial court reveals the following facts:

Agnes Kosak, the defendant, was a real estate agent doing business as A–BAR–K Realty, and the mother-in-law of the plaintiffs' son. On April 24, 1964, she obtained a lease and option agreement from Mr. and Mrs. Larson on a parcel of real property situated at 2721 North 16th Street, in Phoenix. This property had been formerly owned by Mrs. Kosak, and the lease and option agreement represented some type of security transaction from Mrs. Kosak to the Larsons to secure an indebtedness owed by Mrs. Kosak to the Larsons. The lease option agreement showed that the property was subject to a $20,500.00 first mortgage held by Home Savings & Loan Association, and, for the exercise of the option, required payment to the Larsons of the cash sum of $10,323.00 by April 24, 1965, together with the assumption of the mortgage. Any interim payments made by Mrs. Kosak under the lease portion of the lease option agreement were to be subtracted from the option price. The lease required a monthly rental payment of $50.00, payable from Mrs. Kosak to the Larsons. Knowing that plaintiff Mabb was interested in moving his tent and awning business, Mrs. Kosak showed him the property upon which she held the lease option agreement from the Larsons. Taking the evidence in the strongest light to support the judgment of the trial court, it appears that Mabb wished to purchase this property for his business, and, in order for him to use the property for this purpose, extensive building would be required. For the purpose of obtaining the property, Mabb, as buyer, entered into a "Purchase Contract and Receipt" agreement with Mrs. Kosak, as seller, wherein Mabb agreed to purchase the property from Mrs. Kosak for the total sum of $30,000.00, to be paid $2,500.00 down, $1,000.00 at the time of close of escrow, with the buyer assuming the $20,500.00 first mortgage and a $6,000.00 "contract". In furtherance of this transaction, the parties later executed escrow instructions which in substance contained the provisions set forth in the "Purchase Contract and Receipt" except as follows:

First, the escrow instructions recited that $1,000.00 was deposited with the seller, Mrs. Kosak, and that $2,500.00 was to be paid in escrow at the time of closing. The evidence shows that Mabb paid Mrs. Kosak at least $2,500.00 for deposit with the escrow agent but that this sum was never given to the escrow agent by Mrs. Kosak.

Second, the $6,000.00 "contract" referred to in the "Purchase Contract and Receipt" agreement was identified in the escrow agreement as a "lease contract" payable at $50.00 per month.

The $6,000.00 "contract" referred to in the "Purchase Contract and Receipt" agreement and called "lease-contract" in the escrow instructions was in fact the lease option agreement entered into between Mrs. Kosak and the Larsons. The evidence is conflicting as to whether or not at the time he entered into the agreements Mabb knew the true status of the title, Mrs. Kosak maintaining that she told Mabb she only had an option on the property, and Mabb maintaining that he thought the Larsons only had some type of security interest in the property which he would be assuming. At any rate, since this outstanding contract was referred to in both the "Purchase Contract and Receipt" agreement and in the escrow instructions, Mabb did have notice that there was some outstanding interest.

As indicated heretofore, the property, in order to be used by Mabb, had to have extensive improvements made thereon and for this purpose it was necessary that financing be obtained and zoning changes be made. The defendant, Mrs. Kosak, in order to make the sale to Mabb, undertook to handle the additional work necessary to consummate the sale, namely, to secure financing and to have the zoning

changed. Mabb testified that he gave Mrs. Kosak a promissory note for $1,300.00 [1] as a part of the transaction. On the other hand, Mrs. Kosak first said that the giving of the $1,300.00 note was "in lieu of the free rent that Mr. Mabb crossed out [of the escrow agreement] previously." Later, she said "this is why Mr. Mabb paid the $1,300.00 note to me. To pay for the payment for those months where he did not consummate his deal." From the foregoing, it is clear that there is sufficient evidence to justify the finding of the trial court that "the plaintiff gave to defendant a promissory note in the amount of $1,300.00 in furtherance of the contract and escrow agreement."

It is uncontradicted that Mrs. Kosak did obtain commitments for the additional financing, and apparently secured the necessary zoning changes.

In November 1964, Mrs. Kosak, Mabb and the Larsons met at the escrow agent's office to work out the details of the closing. Mrs. Kosak had not deposited in escrow any of the funds previously given to her by Mabb and without these funds there were not sufficient funds in escrow to pay off seller's obligations so that title could be transferred.[2]

At this same meeting, Mabb and the Larsons attempted to work out a new arrangement which would allow Mabb to acquire title. This arrangement would have required Mabb to obtain a construction loan of $41,000.00, give the Larsons a second mortgage of $8,500.00 payable at $125.00 per month, pay certain delinquent rental payments (owed by Mrs. Kosak to the Larsons), and place a $5,000.00 "good faith" deposit with the escrow agent pending completion of contemplated new construction.[3] Mrs. Kosak was to put up the $2,500.00 earnest money of this good faith deposit, but she was unable to do so, and thus the new arrangement between Mabb and the Larsons failed. Accordingly, even under the new arrangement, Mrs. Kosak was unable to deliver title.

Based upon our review of the record, we find that all of the trial court's findings of fact with the exception of those relating to fraud are sustained by the evidence. We agree with Mrs. Kosak's contention that the evidence does not support the trial court's finding of fraud. The complaint alleged, and the trial court expressly found that Mrs. Kosak represented that she could transfer title to the real property involved and that this representation was false. There was no evidence that such a representation was made by Mrs. Kosak other than such representations as might be implied from her obligations as seller under the "Purchase Contract and Receipt" and the escrow instructions. If we assume that these agreements constitute sufficient evidence of such representations, and further that such representations could form the basis of an action for fraud, then, still there is absolutely a failure of the evidence to support a finding that the representation was false or made with any intent to deceive. The evidence is uncontradicted that at the time the agreement and escrow instructions were executed, Mrs. Kosak had the legal right to acquire title by the exercise of the lease option, which was recorded in the records of Maricopa County. Dunlap v. Fort Mohave Farms, 89 Ariz. 387, 391, 363 P.2d 194 (1961); 55 Am.Jur., Vendor & Purchaser, § 36; 91 C.J.S. Vendor & Purchaser § 4. The plaintiffs

---

1. This promissory note was immediately sold by Mrs. Kosak at a discount and later paid in full by the maker, Mabb.

2. On appeal, Mrs. Kosak contends that the buyer was obligated to pay delinquent interest on the Home Savings & Loan mortgage. However, the escrow instructions clearly provide that interest is to be prorated to closing date.

3. It is obvious that under this new arrangement Mabb would have been obligating himself for a purchase price and undertaking other obligations far in excess of those imposed upon him by his agreement with Mrs. Kosak as reflected in the escrow instructions.

had the burden of proving the alleged fraud by clear and convincing evidence. Higgins v. Kittleson, 1 Ariz.App. 244, 401 P.2d 412 (1965). Fraud is never presumed, and cannot be found to exist on a mere suspicion as to the possibility thereof. Rice v. Tissaw, 57 Ariz. 230, 112 P.2d 866 (1941); Smith v. Pinner, 68 Ariz. 115, 201 P.2d 741 (1948); Brazee v. Morris, 68 Ariz. 224, 204 P.2d 475 (1949). Defendant's opinion of title, where it is based upon facts truthfully stated, does not constitute fraud. 37 Am.Jur.2d, Fraud and Deceit, § 90; 9 A.L.R. 1051 et seq.

The evidence does show that when the time came for closing, Mrs. Kosak had spent the money given to her by Mabb and thus didn't have sufficient funds to accomplish the closing. Although the evidence completely fails to sustain the allegations of fraud in the complaint and the trial court's findings of fraud, it is sufficient to sustain the trial court's finding that Mrs. Kosak had breached her contract of sale. On this basis the findings of fact and conclusions of law regarding the fraud aspect of the case are modified as herein indicated and the judgment of the trial court is affirmed as modified.

HAIRE and JACOBSON, JJ., concur.