436 P.2d 479

**DESERT VISTA APARTMENTS, INC.,**
a Corporation, Appellant,

v.

**The O'MALLEY LUMBER COMPANY,**
a Corporation, Appellee.

No. 8442.

Supreme Court of Arizona.

In Division.

Jan. 18, 1968.

Gerst, Welch & Campo, by George Welch, Jr., Phoenix, for appellant.

Evans, Kitchel & Jenckes, by John F. Boland, Jr., Phoenix, for appellee.

McFARLAND, Chief Justice.

Appellee O'Malley Lumber Company, a corporation, hereinafter called plaintiff, brought an action in Superior Court to foreclose a mechanics' lien against Desert Vista Apartments, Inc., a corporation, hereinafter called defendant.

Two defenses were raised: (1) That notice to defendant was required under A.R.S. § 33–983, but was not given; and (2) That plaintiff was estopped from maintaining his action. The trial court, sitting without a jury, ruled that A.R.S. § 33–983 was inapplicable to the facts of the case, and found against defendants on the question of estoppel. Defendant has appealed.

Defendant owned a piece of land and contracted for some apartments to be built on it. In 1962 plaintiff furnished material which was ordered by one Blythe, a carpenter-subcontractor on the job, and that material actually went into defendant's building. Defendant paid Blythe, but Blythe never paid plaintiff.

As far back as the 1901 Revised Statutes of Arizona, the law provided protection for persons supplying material to contractors and subcontractors engaged in a building project. Section 2888 provided for the lien, and Section 2889 prescribed the procedure to perfect the lien. Section 2905 provided that:

> "All persons who furnished material * * * upon any lot * * * or fills in or otherwise improves the same * * * shall have a lien on such lot for his material furnished * * * and upon the buildings * * * thereon situated."

This section existed in addition to Sections 2888 and 2889, because those two sections covered labor and materials used in building a structure on the ground, while Section 2905 covered improvements to the ground (or the streets or alleys adjacent thereto) by grading, filling, landscaping, etc., rather than by building on it. Section 2905 gave a lien upon the contiguous 160 acres and upon any buildings already situated upon such acres.

During the period from 1960 ·to 1963 this section was replaced by Chapter 20, Laws of 1960, and was numbered A.R.S. § 33–983; however, the present § 33–983 is entirely different. The 1960 act provided that a lien could be obtained for labor and material furnished (i. e. grading, filling, etc.) but that if furnished otherwise than at the instance of the owner it would extend only to the reasonable value of such material or labor as was furnished *after notice to such owner by registered mail.*[1]

It is defendant's position that the 1960 act required notice by registered mail to the owner, before delivery of the material, in order to charge the property with a mechanics' lien. It is clear to us that it was never the intention of the legislature to make this section apply to labor or ma-terials furnished for a building. As indi-cated, liens for labor and material furnish-ed in improving a lot by grading, filling, paving, etc., for over sixty-seven years have been provided for in a separate para-graph from the usual liens for labor and materials used in constructing a building on such property, and this separate para-graph has never applied to construction ma-terial or labor. We are abundantly satis-fied that the trial court was correct in holding that § 33–983—as it read in 1962— was not applicable to the materials fur-nished in the instant case.

As to the defense of estoppel, there was some misunderstanding in the making of the pre-trial order, which failed to include estoppel as one of the issues to be tried. The trial court withheld its ruling on de-fendant's motion to amend his answer to include estoppel, by permitting defendant to present his evidence of estoppel. The man in .charge of the project for defend-ant, Robert Fletcher, testified that he was on intimate terms with plaintiff's credit manager, one Harold Spotts; that he ask-ed Spotts to recommend a reliable man for the carpentry subcontract; that Spotts recommended Blythe as reliable; that Fletcher knew that Blythe was unable to furnish a bond because of nonpayment on a previous job, but that he gave Blythe the contract anyway; that, before paying Blythe, he checked with Spotts to see whether the check ought to be made joint-ly to Blythe and O'Malley to be sure that O'Malley got paid, and that Spotts said that such procedure was undesirable, and to pay Blythe and not worry about it. The defense called Spotts, who testified that at the time he had confidence that Blythe would pay his bills, and expressed this opin-ion to Fletcher, but that he, Spotts, didn't believe that he "went out of the way to build him up." Spotts was not asked by either counsel whether he had in fact told Fletcher not to make the check payable to

**1. 33–983. LIEN FOR IMPROVEMENTS TO CITY LOTS, OR OTHER LAND**

A. A person who furnishes material or labors upon a lot in an incorporated city or town, or any parcel of land not exceeding one hundred sixty acres in the aggregate, or fills in or otherwise im-proves the lot or such parcel of land, or a street, alley or proposed street or alley, within, in front of or adjoining the lot or parcel of land at the instance of the owner of the lot or parcel of land, shall have a lien on the lot or parcel of contiguous land not exceeding one hun-dred sixty acres in the aggregate, and the buildings, structures and improve-ments thereon for material furnished and labor performed.

B. Every contractor, subcontractor, ar-chitect, builder, subdivider or other per-son having charge or control of the im-provement or work on any such lot or parcel of land, either wholly or in part, is the agent of the owner for the pur-poses of of [sic] this section, and the owner shall be liable for the reasonable value of labor or material furnished at the instance of such agent, upon a lot or parcel of land as hereinabove defined, or any street, alley or proposed street or alley, within, in front of or adjoin-ing such lot or parcel of land, provided that any such lien for material furnished or labor performed otherwise than at the instance of the owner or one of the owners of such lot or parcel of land shall extend only to the reasonable value of such material or labor as shall be fur-nished or performed after notice to such owner or one of the owners by regis-tered or certified mail. [1960 Session Laws Arizona]

·O'Malley as a joint payee. We have held that a judgment of the trial court will not be disturbed where there is any reasonable evidence to support it. Donato v. Fishburn, 90 Ariz. 210, 367 P.2d 245; Sulger v. Maslin, 90 Ariz. 70, 365 P.2d 1113; Patzman v. Marshall, 90 Ariz. 1, 363 P.2d 599.

The problem in this case, however, is not whether the court's finding was based upon sufficient evidence. The difficulty is that the court announced before hearing evidence on the issue of estoppel:

"* * * The court will permit the defense to offer what evidence they may have in support of their element of estoppel. The cases that I read, the court made the decision upon *the evidence which must be, I might say, overwhelming in support of this element of estoppel. That must be understood.*" [Italics added.]

In his closing argument to the court, plaintiff's counsel compounded the error by reminding the judge that he had stated at the start of the hearing that defendant had

"an overwhelming burden in this case to sustain an estoppel. * * * This is, as your honor is aware from your years

in this business, something more than the ordinary burden of proof."

Since the rule is that a plaintiff in a civil case must prove estoppel only by "clear and satisfactory proof" (Knight v. Rice, 83 Ariz. 379, 321 P.2d 1037), and not by "overwhelming evidence," it is obvious that the trial judge applied a yardstick which was completely unjustified, and which constitutes reversible error. There was sufficient evidence on which the court could have found for defendant. The case must therefore be remanded for a new trial.

It is not necessary for us to discuss the assignments of error that exhibits were excluded on the ground that they were not before the court at the pre-trial conference, and that the trial court refused to permit amendment of defendant's answer to include estoppel, as they are matters which are not likely to occur in a new trial, as the court will have ample time to correct them before trial.

Reversed and remanded.

STRUCKMEYER and LOCKWOOD, JJ., concur.