532 P.2d 538

Schuyler **LININGER** and Cornelia Lininger Myrland, Appellants, and Cross-Appellees,

v.

Jerome S. **SONENBLICK** and Phyllis Sonenblick, husband and wife, Appellees, and Cross-Appellants.

No. 2 CA–CIV 1652.

Court of Appeals of Arizona, Division 2.

March 11, 1975.

Rehearing Denied April 16, 1975.

Review Denied May 13, 1975.

Lesher, Kimble, Rucker & Lindamood, P.C. by E. F. Rucker, Tucson, for appellant and cross-appellee Lininger.

Johnson, Hayes & Dowdall, Ltd., by J. Mercer Johnson and John G. Stompoly, Tucson, for appellant and cross-appellee Myrland.

Miller, Pitt & Feldman, P.C. by David J. Leonard, Tucson, for appellees and cross-appellants.

OPINION

HATHAWAY, Judge.

Plaintiffs-appellees filed an action against the defendants-appellants, complaining they had agreed to sell appellants all of the stock of Campus Inn, Inc., a corporation, architectural drawings and a mortgage loan commitment for a sales price of $45,000, that the appellants had agreed to reduce such understanding to writing but refused to do so. A denial, including the defense of the Statute of Frauds, was filed by the appellants. Thereafter, appellees amended their complaint to include a count for fraud, that is, appellants allegedly agreed to execute the written contract but never intended to do so at the time of said representation so that appellees were damaged. At the close of the trial to a jury, the court dismissed Count One but permitted Count Two to go to the jury on the issue of fraud. The jury found in favor of appellees in the amount of $45,000 plus interest thereon from November 20, 1971, the date of the alleged agreement, until January 14, 1974.

We find that the fraud claim should also have been dismissed as a matter of law. The classic elements of fraud are (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. Carrel v. Lux, 101 Ariz. 430, 420 P.2d 564 (1966); Reese v. Cradit, 12 Ariz.App. 233, 469 P.2d 467 (1970); Gibraltar Escrow Company v. Thomas J. Grosso Investment, Inc., 4 Ariz.App. 490, 421 P.2d 923 (1966).

Actionable fraud cannot exist without a concurrence of all essential elements.

Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966); Denbo v. Badger, 18 Ariz.App. 426, 503 P.2d 384 (1972).

■ The question at the heart of the fraud count is whether appellee Jerome S. Sonenblick had the right to rely on the alleged representations made by appellant Schuyler Lininger when such representations were oral and Sonenblick was aware that the instrument had to be approved by counsel for one of the parties, reduced to writing to comply with the Statute of Frauds and signed by the parties. Before one can have relief from a claimed fraud, he must show not only that he relied on the misrepresentation, but also that he had the right to rely on it. Trollope v. Koerner, 106 Ariz. 10, 470 P.2d 91 (1970); Waugh v. Lennard, 69 Ariz. 214, 211 P.2d 806 (1949).

■ The agreement consisted of the sale of securities and a set of plans and an assignment of the mortgage commitment, and by virtue of A.R.S. §§ 44–3034 and 44–101(4), such agreement would have to be in writing to be enforceable. Appellee Sonenblick admits in his brief that "only a part of the agreement called for the transfer of an interest in real property, and conveyance of the capital stock of Campus Inn, Inc. was merely one convenient way of handling the transaction . . ."

■ As stated in Durham v. Dodd, 79 Ariz. 168, 285 P.2d 747 (1955):

" . . . if a part of an inseparable contract runs afoul of the Statute of Frauds and is unenforceable, the entire contract is unenforceable. (Citations omitted)" 79 Ariz. at 171, 285 P.2d at 749.

There is no question that the subject agreement is inseparable.

"When an oral contract relates in part to an interest in land and in part to a subject not within the scope of the statute of frauds, the consideration is entire and not subject to apportionment, and the several parts are so interdependent that the part not covered by the statute would not have been entered into except with a view to performance of the part covered by the statute, the contract is unenforceable as a whole." 73 Am.Jur.2d Statute of Frauds, § 525.

■ As such, the alleged agreement was no agreement at all until it was placed in written form. The record discloses a clear intent on the part of Mr. Sonenblick that the agreement be placed in writing, that it be approved by an attorney for appellants Lininger and Myrland and that he and the other parties sign the agreement. We find that Sonenblick had no right to rely on representations made by Lininger as to the terms of the agreement until there was, in fact, an agreement.

Quoting from the record:

"Q. Okay. So, was it not within your contemplation that this instrument (Exhibit 19a) would be brought into focus and scope and consistency with the discussion of the 23rd and be signed after approval by all parties?

A. (Sonenblick) It was my understanding that we would make the changes and all the parties would sign.

Q. Right. And the parties have never signed to this day?

A. That is true."

■ It is established that there is no contract until reduced to a writing in such a situation.

"Where it is clearly understood that the terms of a proposed contract, though tentatively agreed on, shall be reduced to writing and signed before it shall be considered as complete and binding on the parties, there is no final contract until that is done." Universal Products Co., Inc. v. Emerson, 36 Del. 553, 179 A. 387, 394 (1935).

Similar language is found in 37 C.J.S. Fraud § 30:

"To be remediable, a representation must have been of such a nature and made under such circumstances that the in-

jured party had a right to rely on it. [Footnote omitted] Thus there can be no recovery for representation where . . . the representation was expressly subject to a condition which was never satisfied . . ."

 We agree with the statement of the court in Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla.1953):

"While it is contended by plaintiff that they are suing for damages for fraud and deceit, such an action under the circumstances of this case is simply an attempt in an indirect manner to obtain damages for breach of the contract. Since the provision in the statute prohibiting any action to be brought on an oral contract within the statute includes actions based indirectly on the contract, 'an action for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it.' [Citations omitted] Although some courts have reached the contrary conclusion, [Citations omitted], we think that on the facts of the case under consideration the rule quoted above is best calculated to uphold the theory upon which the statute of frauds is founded, . . . " 65 So.2d at 851.

In addition, the requirement of clear and convincing evidence to sustain an action for fraud is so well settled in this jurisdiction as to require no citation of authority. We have reviewed the entire record and cannot even say that the evidence presented was clear and convincing to show fraud. Fraud will not be imputed if the facts and circumstances out of which it is supposed to arise are consistent with honesty and purity of intention. Twing v. Schott, 80 Wyo. 100, 338 P.2d 839, (1959). We are able to state that the evidence can be read to show that all of Lininger's acts were consistent with honest and fair business dealings. In any case, we hold that without the right to rely, appellees Sonen-

blick were unable to maintain an action for fraud.

The judgment is reversed and the trial court is ordered to enter judgment in favor of the appellants and against the appellees.

HOWARD, C. J., and KRUCKER, J., concur.