793 P.2d 1114

**Gus FOTINOS, an unmarried man, Furniture Distributors, Inc., an Arizona corporation, Plaintiffs/Appellees,**

**v.**

**Leslie N. BAKER and Joy Baker, husband and wife, Defendants/Appellants.**

**No. 2 CA–CV 89–0180.**

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 15, 1990.

Reconsideration Denied March 14, 1990.

Review Denied July 10, 1990.*

nation of this matter.

---

* Feldman, V.C.J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Sacks, Tierney, Kasen & Kerrick by Marvin S. Cohen, Phoenix, for defendants/appellants.

Feulner & Cornelio by George J. Feulner, Tucson, for plaintiffs/appellees.

## OPINION

LIVERMORE, Presiding Judge.

Taking the evidence in the light most favorable to sustaining the verdict it appears that on July 14, 1985, on the eve of trial of two cases brought by plaintiff Gus Fotinos against defendants Leslie and Joy Baker, the parties through their lawyers orally settled the cases and the trial court was so notified. Because of the settlement, the trial judge dismissed the cases. Essentially the settlement provided that in return for the dismissal the Bakers would pay Fotinos $510,000 with interest within 66 months. The debt would be secured by a collateral assignment of beneficial interest by Baker in a land trust jointly owned by him and Fotinos. Fotinos would grant Baker a one-year option on specified terms to purchase his interest in that trust. The agreement also provided that the Bakers would have to make payments to Fotinos of a specified percentage of the proceeds when sales of other land owned by them were made. The parties agreed that this settlement would be reduced to writing and the Bakers' lawyer drafted the necessary documents. Before they were signed, however, and after the original cases had been dismissed, the Bakers took the position that no binding settlement had been reached. This action to enforce the agreement followed. On appeal from a judgment in favor of Fotinos, the Bakers contend that the evidence does not support a finding that an oral contract was formed and that the trial judge erred in his instructions.

■ The main thrust of the Bakers' argument is that the oral agreement was not a binding contract because the parties contemplated that it be reduced to writing before it was enforceable. *Lininger v. Sonenblick,* 23 Ariz.App. 266, 532 P.2d 538 (1975). That issue, however, was submitted to the jury under appropriate instructions and was decided against the Bakers. There is evidence to support the conclusion that the parties intended to be bound by the oral agreement of their counsel. That it was later to be reduced to writing does not affect the enforceability of the contract. 1 S. Williston, Law of Contracts § 28 (3d ed. 1957).

■ The Bakers next contend that because the settlement involved an option to purchase the beneficial interest in a trust owning property and a security interest in another beneficial interest in that same trust, it was within the statute of frauds, A.R.S. § 44-101, that the only way to avoid

the bar of the statute is through the doctrine of equitable estoppel, and that the trial judge erred in permitting a finding of such estoppel by a preponderance of the evidence rather than by requiring a finding by clear and convincing evidence. We reject this argument for the following reasons:

(1) None of the Arizona cases discussing estoppel to assert the statute of frauds has imposed the higher evidentiary standard. See *Custis v. Valley National Bank*, 92 Ariz. 202, 375 P.2d 558 (1962); *Waugh v. Lennard*, 69 Ariz. 214, 211 P.2d 806 (1949); *Cress v. Switzer*, 61 Ariz. 405, 150 P.2d 86 (1944); *Diamond v. Jacquith*, 14 Ariz. 119, 125 P. 712 (1912); *Del Rio Land, Inc. v. Haumont*, 118 Ariz. 1, 574 P.2d 469 (App.1977). The references to "clear and satisfactory proof" in *Desert Vista Apartments, Inc. v. O'Malley Lumber Co.*, 103 Ariz. 23, 436 P.2d 479 (1968), and *Knight v. Rice*, 83 Ariz. 379, 321 P.2d 1037 (1958), estoppels arising in different contexts, do not "clearly" require a higher evidentiary standard. Even if a higher standard is required, there is in this case clear and satisfactory proof, indeed it is undisputed, that Fotinos relied to his detriment and performed his obligation under the settlement agreement by allowing dismissal of the earlier claims.

(2) In any event the severable core of this agreement, dismissal of the claims in return for $510,000, was not within the statute. Fotinos did not sue to enforce his right to a security interest in the Bakers' beneficial interest in the trust. For that reason the statute of frauds is simply inapplicable to this case. *Frantz v. Maher*, 106 Ohio App. 465, 155 N.E.2d 471 (1957); 2 A. Corbin, Corbin on Contracts § 315 (1950); Restatement of Contracts (Second) § 147 (1981).

(3) There being no dispute that the Bakers' lawyer was authorized to act for them, the "settlement" documents prepared by him were a writing by the person to be charged. See Hunter, Modern Law of Contracts ¶ 19.04[4] (1987).

It is argued finally that because Fotinos did not sign the option it was unenforceable against him because of the statute of frauds and that, consequently, there being no mutuality, he cannot enforce the Bakers' promises against them. This is not a defense. By bringing this action by a verified complaint incorporating the option, Fotinos signed documents making the option enforceable. See 2 A. Corbin, Corbin on Contracts § 282 (1950).

The judgment is affirmed. Appellee is awarded his attorneys' fees on appeal in an amount to be determined upon filing the statement required by Rule 21, Ariz.R.Civ. App.P., 17B A.R.S.

HATHAWAY and HOWARD, JJ., concur.