NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN M. KASSON, JR., *Plaintiff/Appellee,*

*v.*

CLIFTON W. BURGENER, *Defendant/Appellant.*

No. 1 CA-CV 16-0469
FILED 2-13-2018

Appeal from the Superior Court in Maricopa County
No. CV2014-015350
The Honorable Lori Horn Bustamante, Judge

**AFFIRMED**

COUNSEL

Barry Becker, P.C., Phoenix
By Barry C. Becker, Aaron J. Moskowitz
*Counsel for Plaintiff/Appellee*

Law Office of Lawrence K. Lynde, Phoenix
By Lawrence K. Lynde
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maurice Portley[1] joined.

---

**C R U Z**, Judge:

¶1        Clifton W. Burgener[2] appeals the superior court's judgment granting John M. Kasson's motion for summary judgment and denying Burgener's cross-motion for summary judgment.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        On September 28, 2007, Burgener executed a promissory note ("Note") payable to Joseph G. Urquhart for $1,000,000.00 with interest at 12% per annum, with payments on the accrued interest to be paid January 1, 2009, and each month thereafter until the Note was paid in full.  The same day, Urquhart assigned "all of [his] right, title and interest in and to [the Note]" to John M. Kasson, Jr., trustee of the John M. Kasson, Jr. 1995 Living Trust ("Assignment").

¶3        Four months later, Kasson executed a "Collateral Assignment of Beneficial Interest" ("Collateral Assignment") that "collaterally assign[ed] and transfer[red] . . . $1,000,000.00 of [Kasson's] interest in [the Note] and Deed of Trust"[3] to several of Kasson's family members.  The Collateral Assignment said Kasson owed his family members $1,000,000.00,

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]        Although Jane Doe Burgener is also listed as an Appellant in this case, all actions taken on the part of Appellants in this case were performed by Clifton W. Burgener.  Accordingly, for ease of reference, we refer only to Clifton W. Burgener within this decision.

[3]        According to the parties' statements at oral argument, the property underlying the Deed of Trust has been sold since the inception of this action.

and provided Kasson "agreed to pay the same according to the terms of [the Note] . . . ."

¶4        When the Note became due on January 1, 2009, Burgener did not pay. In December 2014, Kasson brought an action for breach of contract, alleging Burgener had breached the contract by failing to make monthly payments on the Note. Kasson moved for summary judgment, and Burgener cross-moved for summary judgment, arguing the superior court should dismiss the action with prejudice because Kasson had "assigned and conveyed his interest in the Note and in the Urquhart [D]eed of [T]rust and has no standing or legal capacity to bring an action against [Burgener] under the Note." Burgener also argued the equitable defense of laches, arguing Kasson

> agreed to accept the security in the Urquhart [D]eed of [T]rust for satisfaction of any obligation owed under the Note. The parties [sic] understanding that the Note was non-recourse is evidenced by the fact that no attempt to collect on the Note was made for more than seven (7) years after its execution and . . . that [Kasson] himself assigned and conveyed his interest in the Note in January 2008. . . . [I]t is clear [Kasson] used no diligence in pursuing his claim. . . . [Burgener] has been prejudiced in that he has incurred obligations and . . . debt based upon the parties' agreement that [Kasson] would look solely to the security for payment of the Note.

¶5        The superior court granted Kasson's motion, ruling Kasson had standing because the Collateral Assignment "did not transfer all of [Kasson]'s interest in the promissory note and [D]eed of [T]rust" and laches did not prevent Kasson from asserting the claim against Burgener. The court denied Burgener's cross-motion, found it was undisputed that Burgener had failed to make payments since the time the Note was signed in 2007, and awarded Kasson his attorneys' fees under the terms of the Note.[4] Burgener moved for new trial, asserting the court's ruling was not supported by the terms of the Assignment or the law briefed by the parties, but the court denied the motion.

---

[4]      The Note provided, in relevant part, "If Lender brings suit on this Note . . . Borrower shall pay all attorneys' fees, costs and expenses actually incurred by Lender as a result thereof, including, without limitation . . . attorneys' fees, costs and expenses incurred . . . as a result of a foreclosure of any of the Security Documents . . . ."

**¶6**        Burgener timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶7**        Burgener asserts the superior court erred by granting summary judgment because: (1) Kasson is not the holder of the Note, is not the real party in interest, and has no standing to bring this lawsuit; and (2) Kasson's failure to collect on the Note for more than six years supports the application of laches.

### I.        Standard of Review

**¶8**        We review the grant of summary judgment and a determination of standing *de novo*.  *Delgado v. Manor Care of Tucson AZ, LLC*, 242 Ariz. 309, 312, ¶ 10 (2017); *State ex rel. Brnovich v. Maricopa Cty. Cmty. Coll. Dist. Bd.*, 242 Ariz. 325, 329, ¶ 7 (App. 2017).  We also review issues of contract interpretation *de novo*.  *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 367, ¶ 12 (2017).  We review the superior court's decision on laches for an abuse of discretion.  *McLaughlin v. Bennett*, 225 Ariz. 351, 353, ¶ 5 (2010).  When conducting our review, we view the evidence and reasonable inferences therefrom in the light most favorable to the party against whom summary judgment was entered.  *Delgado*, 242 Ariz. at 311, ¶ 2.

### II.        Standing

**¶9**        Burgener argues Kasson had no standing and no capacity to file suit on the Note because he assigned and transferred his interest in the Note with the subsequent Collateral Assignment.  We disagree.

**¶10**        An absolute assignment "leaves the assignor no interest in the assigned property or right."  *Absolute Assignment*, Black's Law Dictionary (10th ed. 2014).  A collateral assignment, in contrast, is "[a]n assignment of property as collateral security for a loan."  *Collateral Assignment*, Black's Law Dictionary (10th ed. 2014); *see Fotinos v. Baker*, 164 Ariz. 447, 448 (App. 1990) (addressing settlement agreement in which "[t]he debt would be secured by a collateral assignment of beneficial interest by [appellant] in a land trust jointly owned by him and [appellees]"); *see also Moore v. Mark*, 13 Ariz. App. 261, 262 (App. 1970) ("Payment of the promissory note was arranged by the execution . . . of a collateral assignment of his real estate commissions . . . .").

4

¶11 A comparison of the Collateral Assignment's language and the Assignment's language demonstrates the Collateral Assignment was not an absolute assignment. *See ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290-91, ¶ 15 (App. 2010) (providing that when interpreting a contract, we "look to the plain meaning of the words as viewed in the context of the contract as a whole"). First, the Collateral Assignment expressly states it is a "Collateral Assignment of Beneficial Interest." It also provides in relevant part:

> WHEREAS, the Assignor wishes to *collaterally assign* $1,000,000.00 of the balance due under the . . . [N]ote and [D]eed of [T]rust wherein the Assignor is Payee and Beneficiary; NOW THEREFORE, *for the purpose of securing the payment of the aforementioned [N]ote*, together with the interest due thereon, the Assignor by these presents does hereby collaterally assign and transfer unto [Kasson's relatives] *$1,000,000.00 of Assignor's interest in said [N]ote and Deed of Trust.*"

(Emphases added.).

¶12 In contrast, the initial Assignment from Urquhart to Kasson is titled, "Assignment of Deed of Trust," and provides, *inter alia*, "Assignor now desires to assign, grant and transfer *all of its rights and benefits as the Beneficiary* under the Deed of Trust to Assignee." The Assignment's language indicates the Assignment is absolute because it expressly states Urquhart transferred "*all* of [his] rights and benefits" under the Deed of Trust, leaving him "no interest in the assigned property or right." *Absolute Assignment*, Black's Law Dictionary (10th ed. 2014). The Collateral Assignment, on the other hand, does not contain such absolute language and only "assign[ed] and transfer[red] . . . $1,000,000.00 of Assignor's interest" in the Note as security for Kasson's loan to his relatives. In light of this language, the superior court did not err in concluding the Collateral Assignment was not an absolute assignment and that Kasson had not assigned the right to enforce the Note.

¶13 Furthermore, Kasson is in possession of the Note and is accordingly entitled to enforce it. *See* A.R.S. §§ 47-3301 (providing the "'[p]erson entitled to enforce' an instrument means the holder of the instrument" and "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument"), -1201(B)(21)(a) (providing the "holder" is "[t]he person in possession of a negotiable instrument that is

payable either to bearer or to an identified person that is the person in possession[,]"). Although Burgener asserts that Kasson is not the Note holder, he provides no argumentation on the issue beyond his argument regarding the Collateral Assignment, *supra* ¶ 9. Because we conclude Kasson retained his right to enforce the Note after executing the Collateral Assignment, and because Burgener provides no further argumentation regarding Kasson's possession of the Note, we conclude Kasson is the holder of the Note and is entitled to enforce it according to its terms.

III.     Laches

**¶14**          Burgener argues the superior court erred by failing to apply the doctrine of laches because Kasson did not pursue his claim with diligence, thereby prejudicing Burgener because he has incurred obligations and incurred debt based on the parties' agreement that Kasson would look solely to the security for payment of the Note.

**¶15**          "Laches is the equitable counterpart of a statute of limitations." *Harris v. Purcell*, 193 Ariz. 409, 410 n.2, ¶ 2 (1998). It "will generally bar a claim when the delay [in filing suit] is unreasonable and results in prejudice to the opposing party." *Sotomayor v. Burns*, 199 Ariz. 81, 83, ¶ 6 (2000). Delay alone will not establish a laches defense; the delay "must also result in prejudice . . . which may be demonstrated by showing injury or a change in position as a result of the delay." *League of Arizona Cities and Towns v. Martin*, 219 Ariz. 556, 558, ¶ 6 (2009).

**¶16**          The superior court did not abuse its discretion by declining to apply the doctrine of laches. In his response to Kasson's motion for summary judgment, Burgener asserted he was prejudiced "in that [he] ha[s] incurred obligations and incurred debt based upon the parties' agreement that Plaintiff would look solely to the security for payment of the Note." Burgener failed to support this assertion with any admissible evidence, however, and accordingly failed to show he was prejudiced by Kasson's delay in filing suit. Because Burgener failed to show prejudice, the superior court did not abuse its discretion by declining to apply laches.

IV.     Attorneys' Fees on Appeal

**¶17**     Both parties request attorneys' fees on appeal pursuant to the terms of the Note.[5]  We award Kasson his reasonable attorneys' fees and costs upon his compliance with ARCAP 21.

## CONCLUSION

**¶18**     For the foregoing reasons, we affirm the superior court's grant of summary judgment to Kasson and denial of summary judgment to Burgener.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

5       "Borrower shall pay all attorneys' fees, costs and expenses actually incurred by Lender as a result thereof, including, without limitation . . . attorneys' fees, costs and expenses incurred in appellate proceedings . . . ."