NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

THE ROBERTSON FAMILY LIVING TRUST DATED JUNE 12, 2003;
JAMES M. ROBERTSON AND COLLEEN M. ROBERTSON,
*Plaintiffs/Appellants*,

*v.*

SIERRA PINES PROPERTY OWNERS ASSOCIATION, INC., an Arizona
non-profit association, *Defendant/Appellee*.

No. 1 CA-CV 23-0069
FILED 9-14-2023

---

Appeal from the Superior Court in Navajo County
No. S0900CV201600289
The Honorable Joseph Samuel Clark, Judge

**AFFIRMED**

---

COUNSEL

Paul D. Nordini, Esq., Scottsdale
By Paul D. Nordini
*Counsel for Plaintiffs/Appellants*

Jones, Skelton & Hochuli P.L.C., Phoenix
By J. Gary Linder, Kimberly K. Page, Jonathan P. Barnes, Jr.
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Cynthia J. Bailey and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1        The Robertson Family Living Trust Dated June 12, 2003, James M. Robertson, and Colleen M. Robertson (collectively, "Robertsons") appeal the superior court's order enforcing a settlement agreement.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In 2016, the Robertsons sued Sierra Pines Property Owners Association, Inc. ("Sierra Pines") for failing to enforce its Declaration of Covenants, Conditions, and Restrictions.  The court set a settlement conference for November 2019.

¶3        At the settlement conference, Sierra Pines' counsel "advised the Court of the agreement as set forth on the record" and the Robertsons "advised the Court [they were] in agreement with what [Sierra Pines' counsel] advised."  The court then "noted for the record all parties knowingly, intelligently and voluntarily" reached an agreement and "directed [Sierra Pines' counsel] to draw up the agreement for signature."

¶4        Sierra Pines sent the Robertsons a written agreement, and the Robertsons sent the agreement back to Sierra Pines but removed the "Confidentiality" and "Non-Disparagement" clauses from the agreement ("Exhibit C").  To determine whether the clauses were part of their agreement, the parties requested a digital recording of the settlement conference, but the court was "unable to locate the digital recording." Without a digital recording of the settlement conference, the parties stipulated to a status conference to resolve the issue.

¶5        At the status conference, the Robertsons advised the court that "a settlement conference took place on November 25, 2019," and "a settlement was reached by the parties at that time."  The court "proposed counsel litigate the pending issue and set a hearing to determine if [the] parties can reach an agreement."  The Robertsons noted that they

"intend[ed] to discuss only the [pending] issue as the rest ha[d] been agreed upon."  The court set a status conference for July 2020.

**¶6** At the July conference, the court acknowledged "there was a dispute regarding confidentiality and non-disparagement" but reassigned the case due to a conflict.  After reassignment, the court held additional conferences and eventually ordered Sierra Pines to prepare a memorandum addressing the court's authority to enforce the settlement agreement.

**¶7** In May 2021, Sierra Pines moved to enforce the settlement agreement, providing the court a memorandum of authorities and agreeing to be bound by Exhibit C's terms.  The Robertsons moved to deny Sierra Pines' motion, arguing "there was no settlement agreement as a result of the [November 2019] Settlement Conference."  The court set a hearing for August 2021.

**¶8** At the August hearing, Sierra Pines stated it was "willing to execute" Exhibit C, but the Robertsons requested that "the settlement conference be discarded" and to "continue with the litigation on the basis [that] the case ha[d] not settled."  The court concluded that the parties agreed to a settlement agreement on the record during the November 2019 settlement conference and granted Sierra Pines' motion to enforce the settlement agreement, finding "Exhibit C as the agreement of the parties."  The court dismissed the Robertsons' complaint with prejudice.

**¶9** The Robertsons timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.  Settlement Agreement.

**¶10** The Robertsons' opening brief does not provide an applicable standard of review on appeal.  *See* ARCAP 13(a)(7)(B) (requiring appellants to provide "the applicable standard of appellate review with citation to supporting legal authority").  Citing the standard for reviewing grants of summary judgment, Sierra Pines asserts that we should review the court's decision de novo.  *See Robertson v. Alling*, 237 Ariz. 345, 347, ¶ 8 (2015).  Accordingly, we conduct a de novo review of the court's ruling but "will affirm if the trial court's disposition is correct for any reason."  *Logerquist v. Danforth*, 188 Ariz. 16, 18 (App. 1996).

**¶11** The Robertsons argue that the parties did not have an agreement and the court erred in approving Exhibit C as their agreement.

3

**¶12**        Under Rule 80(a), settlement agreements between parties or attorneys are not binding if disputed unless they are evidenced by a writing or made orally in court and entered in the minutes.  Ariz. R. Civ. P. 80(a)(1) –(2).  Rule 80(a) applies "when parties dispute the existence or terms of an agreement, as distinct from other challenges to its enforceability." *Robertson*, 237 Ariz. at 348, ¶ 15.

**¶13**        Here, the agreement was set forth on the record and noted in the court's minute entry.  Ariz. R. Civ. P. 80(a)(2); *see cf. Fotinos v. Baker*, 164 Ariz. 447, 448 (App. 1990) (concluding "that the parties intended to be bound by the oral agreement of their counsel" despite the parties reducing their agreement to writing after orally settling).   Minutes from the settlement conference indicate that Sierra Pines' counsel "advised the Court of the agreement as set forth on the record" and the court "noted for the record all parties knowingly, intelligently and voluntarily [had] reached an agreement," directing Sierra Pines' counsel "to draw up the agreement for signature."  *See AROK Constr. Co. v. Indian Constr. Servs.*, 174 Ariz. 291, 299 (App. 1993) ("Manifestations of assent that are in themselves sufficient to conclude a contract will not be prevented from so operating by the fact that the parties also manifest an intention to prepare and adopt a written memorial thereof . . . ." (quoting Restatement (Second) of Contracts § 27 (1981))).

**¶14**        The Robertsons do not dispute that Exhibit C included the provisions to which they agreed, only that Sierra Pines did not agree to exclude the "Confidentiality" and "Non-Disparagement" clauses when the Robertsons first sent Exhibit C.  The law "favors enforcement when it is clear that the parties intended themselves to be bound," and "absent or uncertain terms are not fatal to the enforceability of an otherwise binding contract." *AROK*, 174 Ariz. at 297; *see Schade v. Diethrich*, 158 Ariz. 1, 10–11 (1988) (finding agreement to enter into a fair settlement, with specific terms to be resolved later, manifested mutual assent to be bound).  Thus, a contract may be formed if it is clear the parties intended to be bound by its terms. *Johnson Int'l, Inc. v. City of Phoenix*, 192 Ariz. 466, 470, ¶ 26 (App. 1998).  And whether the confidentiality and non-disparagement terms were part of their agreement is "not invariably fatal to the rights of the parties to obtain enforcement of their bargain," if the parties agreed to the terms providing for a breach and remedy.  *AROK*, 174 Ariz. at 297–98 ("The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." (quoting Restatement (Second) of Contracts § 33(2) (1981))).

¶15        At the initial status conference, the Robertsons admitted that aside from the two clauses, "the rest ha[d] been agreed upon."  And at the August hearing, the Robertsons admitted their counsel sent Sierra Pines Exhibit C, which the Robertsons approved.  Even though Sierra Pines only later "accept[ed] the [Robertsons'] version of . . . the settlement agreement," the parties did not dispute the remaining terms, which were sufficient to bind the parties.  *See AROK*, 174 Ariz. at 297 ("[T]he actions of the parties may show conclusively that they have intended to conclude a binding agreement, even though one or more terms are missing or are left to be agreed upon.  In such cases, *courts endeavor, if possible, to attach a sufficiently definite meaning to the bargain*." (quoting Restatement (Second) of Contracts § 33 cmt. a (1981))); *cf. Althaus v. Cornelio*, 203 Ariz. 597, 601, ¶ 15 (App. 2002) (concluding the parties reached a settlement despite several contingencies such as "acceptable release and confidentiality provisions").  Based on the parties' concessions in prior proceedings, the court did not err in granting Sierra Pines' motion to enforce Exhibit C, thereby dismissing the Robertsons' complaint with prejudice.  *See Hays v. Fischer*, 161 Ariz. 159, 165 (App. 1989) ("[W]here the facts are undisputed, a trial court has authority to summarily enforce a settlement agreement entered into while the suit is pending before it.").

## II.    Attorney Fees.

¶16        Both parties request an award of attorney fees on appeal.  We deny the Robertsons' request for attorney fees under A.R.S. § 12-341.01.  *See* A.R.S. § 12-341.01(A) ("In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees.").  Sierra Pines requests its attorney fees under the settlement agreement, citing *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 367–68, ¶ 13 (2017) ("[Section] 12-341.01 does not 'alter[], prohibit[] or restrict[]' contracts that 'provide for attorney fees' . . . .").  As the prevailing party on appeal, we award Sierra Pines its reasonable attorney fees upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶17        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

5