NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LONG M. NGUYEN, *Plaintiff/Appellant*,

*v.*

ELIZABETH A. STEPHENSON, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0122

FILED 12-17-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-051810
The Honorable Melissa Iyer Julian, Judge

**REVERSED AND REMANDED**

COUNSEL

Radix Law, Scottsdale
By C. Adam Buck
*Counsel for Plaintiff/Appellant*

Ellett Law Offices, PC, Phoenix
By Ronald J. Ellett
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**F O S T E R**, Judge:

¶1        Plaintiff Long Nguyen appeals the superior court's dismissal of his complaint against Defendants Elizabeth and James Stephenson and denial of his motions for reconsideration and to amend his complaint. Nguyen claims entitlement to a finder's fee for presenting the Stephensons with an investment opportunity related to a real estate deal. He argues that the superior court erred in finding that the agreement needed to be in writing because neither A.R.S. § 32-2151.02(A) nor the Statute of Frauds (A.R.S. § 44-101) applied in this case. This Court agrees, reversing the superior court's order and remanding for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        Nguyen is a licensed real estate salesperson hired by non-party clients to help them purchase a home. Nguyen found a house still under construction for the clients and helped them execute a purchase contract. The clients secured the contract with a deposit. Several months later, due to changed circumstances, the clients were no longer able to complete the purchase. But to prevent the loss of their deposit and the accrued equity, they asked Nguyen for help. With the clients' permission, Nguyen sought an investor to partner with the clients to complete the purchase and then re-sell the house for a profit. The clients permitted Nguyen to negotiate a finder's fee from the investor.

¶3        Nguyen discussed this opportunity with Mrs. Stephenson, a colleague, who also held a real estate license and was a designated real estate broker. Nguyen offered to give her a copy of the purchase agreement and the clients' contact information, conditioned on her agreement to pay him a finder's fee. During their discussions, Mrs. Stephenson orally agreed to pay Nguyen a finder's fee and sent him the following text message:

> Hi – I am. All in- we could pay cash for our half but I think finance company will want set up as loan maybe more down payment. I will also give you a bonus plus of course your

commission. I have apt in f ok nursing hills at 10 am tomorrow but can meet later at office and let's do joint call with lender and buyer and see if we can save the deal.

Nguyen gave Mrs. Stephenson the purchase contract and the clients' contact information.

¶4 Soon after, the seller added the Stephensons to the purchase contract and the property deal closed. After the sale, Nguyen reached out to Mrs. Stephenson to discuss the finder's fee. But Mrs. Stephenson failed to respond and refused to sign paperwork for Nguyen to collect a finder's fee. Two months later, the Stephensons sold the property for a profit and never paid Nguyen a finder's fee.

¶5 Nguyen sued the Stephensons, bringing four claims: breach of contract, breach of implied covenant of good faith and fair dealing, fraud and negligent misrepresentation. The Stephensons moved to dismiss the case, arguing the suit violated the Statute of Frauds because real estate agent employment contracts require a written agreement. *See* Ariz. R. Civ. P. 12(b)(6) (defense of "failure to state a claim upon which relief can be granted"). Nguyen responded that (1) the dispute concerned a business finder's fee, not a real estate commission, (2) the Stephensons were equitably estopped from raising a Statue of Frauds defense and (3) the Stephensons failed to attach a Good Faith Consultation Certificate with their motion as required by Arizona Rule of Civil Procedure 7.1(h). Alternatively, Nguyen asked for an opportunity to amend his complaint. The Stephensons replied and attached the certificate. The court granted the motion to dismiss in part, dismissing all claims except the fraud claim and denied Nguyen's request to amend because he failed to state with particularity how the complaint's defects could be corrected.

¶6 Nguyen again moved to amend his complaint with additional factual allegations and exhibits, including an unsigned "joint venture agreement" supporting the investment deal that Nguyen brought together. The Stephensons moved for reconsideration, arguing a fraud claim cannot be based on an agreement that violates the Statute of Frauds—the same argument presented in their motion to dismiss. The court granted the Stephensons' motion for reconsideration, concluding that the finder's fee agreement constituted a real estate employment agreement subject to A.R.S. §§ 32-2151.02(A) and 44-101(7). In its final judgment, the court dismissed the remaining fraud claim and again denied Nguyen's motion to amend. Nguyen timely appealed.

¶7            This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8            Nguyen raises six issues on appeal but the central question that resolves his appeal is whether noncompliance with A.R.S. § 32-2151.02(A) and the Statute of Frauds bars enforcement of an oral finder's fee agreement entered for the purposes of introducing parties for a joint venture agreement. Dismissal is appropriate "under Rule 12(b)(6) only if as a matter of law plaintiffs would not be entitled to relief under any interpretation of the facts susceptible to proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012) (cleaned up). This Court reviews rulings on motions to dismiss *de novo* and assumes the truth of all well-pled facts in the complaint. Ariz. R. Civ. P. 12(b)(6); *Hammer Homes, LLC v. City of Phoenix*, 256 Ariz. 526, 528, ¶ 10 (App. 2023). Interpretation of statutes is reviewed *de novo*. *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017).

## I.     The court erred in dismissing Nguyen's claims.

### A. The finder's fee agreement is not a real estate employment agreement.

¶9            Nguyen argues that the superior court erred when it found that the agreement providing for a finder's fee constituted a "real estate employment agreement" pursuant to A.R.S. § 32-2151.02(A). The superior court reasoned that Nguyen's finder's fee agreement fell within this statutory provision because he agreed "to procure an additional investor to co-purchase the Property with the [non-party clients] in exchange for a finder's fee." The court also concluded that "the structure of the transaction between the Buyers and Stephensen does not change the nature of the services Nguyen provided as an agent." Thus, the court found that because the agreement related to a real estate transaction, it had to comply with A.R.S. § 32-2151.02(E). This Court disagrees.

¶10           A "real estate employment agreement" is "a written agreement by which a real estate broker is entitled to compensation for services rendered pursuant to § 44-101, paragraph 7." A.R.S. § 32-2151.02(E). Section 44-101(7) includes agreements "authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission." A.R.S. § 44-101(7). Section 32-2151.02(A) requires all real estate employment agreements to: (1) be written in clear and unambiguous language; (2) fully set forth all material terms,

including broker compensation; (3) have a definite duration or expiration date; and (4) be signed by all parties. A.R.S. § 32-2151.02(A).

¶11 Nguyen's complaint establishes that there were three separate and distinct relevant "agreements" in this case. First, the original purchase agreement with Nguyen's non-party clients listed Nguyen as their broker/agent. This agreement was in writing and for the purchase of real estate. The second "agreement" at issue is Nguyen's "agreement" with Mrs. Stephenson that she pay him a finder's fee. Nguyen contends this agreement is supported by a text message from Mrs. Stephenson agreeing to pay a "bonus" that Nguyen attached to his complaint. This "agreement," though tangentially related to a real estate transaction, is not a real estate agreement that would implicate A.R.S. § 32-2151.02(A). The third "agreement" is the purchase agreement that included the clients and the Stephensons. This agreement was in writing and for the purchase of real estate.

¶12 The critical distinction between the finder's fee and the other two agreements is that the finder's fee agreement did not authorize or employ Nguyen "to purchase or sell real property" on behalf of the Stephensons. A.R.S. § 44-101(7). Rather, it compensated him for introducing the Stephensons to a business opportunity. The fact that this finder's fee agreement tangentially related to the purchase of real property does not turn the agreement into a real estate employment agreement. Notably, this Court's conclusion is supported by the superior court's factual finding that the Stephensons and Nguyen did not enter the finder's fee agreement for the purpose of purchasing real property. The court stated, "Mrs. Stephenson promised to pay Nguyen 'a finder's fee' in exchange for bring[ing] her the investment opportunity."

¶13 The court also disagreed with Nguyen's reliance on *Swingle v. Myerson*, 19 Ariz. App. 607 (1973), which involved an oral agreement for a finder's fee, because the transaction in that case did not involve the sale of property. But as Nguyen's complaint outlines and the court's factual recitation confirms, the complaint alleges the finder's fee was not for the sale of the property; it was for connecting Mrs. Stephenson with the non-party clients to set up an investment deal where they would partner together. Based on the statutory definition of "real estate employment agreement," the court's classification of the finder's fee as requiring compliance with § 32-2151.02(A) was error. A.R.S. § 32-2151.02(E).

¶14 The Stephensons cite *Young v. Rose*, contending that "Arizona places 'strict requirements' on real estate professionals who seek to recover

commissions." 230 Ariz. 433, 436, ¶ 16 (App. 2012). But *Young* concerned whether a plaintiff could recover real estate commissions without a written agreement as required by A.R.S. § 32-2151.02(A). *Id.* That is not what occurred here. Nguyen's *commission* is not in question—just his *finder's fee*. The Stephensons also argue that labeling a commission a "finder's fee" rather than a commission cannot circumvent the statutory writing requirements and cite *Red Carpet-Barry & Assocs., Inc., v. Apex Assocs., Inc.,* 130 Ariz. 302, 305 (App. 1981), to support their position. Though a broker "should not be able to avoid the necessity of a written listing agreement . . . by labeling the agreement a finder's fee contract," *Red Carpet,* 130 Ariz. at 305, that principle applies only when the underlying service is, in substance, real estate brokerage. Nguyen does not contend that he is entitled to a commission he did not receive, he claims that he is entitled to compensation for putting together an investment deal.

¶15 Because the complaint alleged an agreement separate from the real estate purchase agreement, the court erred in dismissing Nguyen's complaint under A.R.S. § 32-2151.02(E).

### B. The Statute of Frauds does not apply to the finder's fee.

¶16 Similarly, if the rules of a real estate employment agreement do not govern the finder's fee in this case, the Statute of Frauds does not apply. Under A.R.S. § 44-101, certain agreements are unenforceable unless the agreement "is in writing and signed by the party to be charged." Agreements with this requirement include those "authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission." A.R.S. § 44-101(7).

¶17 Here, the Stephensons argue that the finder's fee was so intimately connected with the purchase of real property that the Statute of Frauds applies. But nothing in Nguyen's complaint suggests that the purpose of the agreement between Nguyen and Mrs. Stephenson was to employ or authorize him as an agent or broker. Because Nguyen's the finder's fee agreement was separate from the real estate purchase agreement, the court erred in determining it was subject to the Statute of Frauds. *Coleman*, 230 Ariz. at 356, ¶ 8.

¶18 The court also cited *Lininger v. Sonenblick*, 23 Ariz. App. 266 (1975), to support its order dismissing Nguyen's fraud claim after reconsideration. In *Lininger*, the parties disputed the sale of stocks and a denial to reduce the sale agreement to writing. *Id.* In that case, this Court focused on the elements of fraud: the hearer's right to rely on the

misrepresentation or agreement. *Id.* at 267–68. This Court reasoned that "the alleged agreement was no agreement at all until it was placed in written form" because the Statute of Frauds required the agreement to be in writing. *Id.* at 268. But, as determined, the Statute of Frauds does not apply to the finder's fee agreement and therefore, *Lininger* does not support the court's dismissal.

**¶19**        Because A.R.S. §§ 32-2151.02 and 44-101 do not apply to the finder's fee "agreement," the superior court's dismissal is reversed.

## II.    The court should have granted Nguyen the opportunity to amend.

**¶20**        Nguyen also challenges the superior court's denial of his request to amend his complaint. This Court reviews a denial of a motion to amend for an abuse of discretion. *Dube v. Likins,* 216 Ariz. 406, 415, ¶ 24 (App. 2007). "Before the trial court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects." *Id.* "Leave to amend, although discretionary should be liberally granted." *Id.*

**¶21**        Here, Nguyen, in response to the motion to dismiss, requested leave to amend his complaint if the court was inclined to dismiss the case. But after the court's dismissal, he immediately requested leave to amend. As part of the motion to amend, Nguyen attached documents outlining the "joint venture" that he brought together in support of his finder's fee claim. The court relied on its Statute of Frauds reasoning to find amendment of Nguyen's complaint futile. Based on this Court's holding above, Nguyen may amend his complaint.

## III.    Nguyen's remaining issues on appeal are moot.

**¶22**        Nguyen's remaining arguments on appeal are that: (1) Mrs. Stephenson is liable for fraud even if the finder's fee agreement is unenforceable, (2) the Stephensons are equitably estopped from asserting the Statute of Frauds as a defense and (3) the court should have denied the motion to dismiss because the Stephensons did not attach a Good Faith Consultation Certificate. Because this Court reverses the superior court's dismissal of Nguyen's complaint and holds the Statute of Frauds does not apply to the finder's fee "agreement" at issue here, these issues are moot and this Court will not address them. *See Vinson v. Marton & Assocs.*, 159 Ariz. 1, 4 (App. 1988) ("A decision becomes moot for purposes of appeal whe[n] . . . action by the reviewing court would have no effect on the parties."). "[A]s a policy of judicial restraint, we will not address moot or abstract questions." *Lana A. v. Woodburn*, 211 Ariz. 62, 65, ¶ 9 (App. 2005).

## IV.     Attorneys' fees.

**¶23**      As a case arising from a contract, both parties seek attorneys' fees under A.R.S. § 12-341.01. As the unsuccessful party on appeal, this Court denies the Stephensons' request for attorneys' fees. A.R.S. § 12-341.01(A). In its discretion, this Court awards Nguyen his attorneys' fees as the successful party. A.R.S. § 12-341.01(A). This Court also awards Nguyen his costs on appeal. A.R.S. § 12-341.

### CONCLUSION

**¶24**      This Court reverses the superior court's dismissal of Nguyen's claims and its denial of the request to amend. This Court remands for further proceedings consistent with this decision.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR